### Alexander Rodgers v. John Brittain.

*Trover against mortgage purchaser—Demand.*

Trover will not lie without demand for goods held by a *bona fide* purchaser under a sale made in apparent conformity to a genuine chattel mortgage.

Acquiescence for a long time in another's possession, with knowledge of his claim of right and without asserting an adverse claim does not, in an action of trover, give plaintiff a right to damages that would not have been incurred if he had asserted it.

Error to Muskegon. Submitted October 16. Decided October 29.

Trover. Defendant brings error.

*C. C. Chamberlain* and *F. W. Cook* for plaintiff in error.

*Randolph Strickland* for defendant in error. The measure of damages in trover is the value of the goods at the time of conversion with interest to the date of

the verdict, *Dillenback v. Jerome*, 7 Cow., 294; *Ripley v. Davis*, 15 Mich., 81; *Bates v. Stansell*, 19 Mich., 92.

CAMPBELL, C. J. Brittain brought trover against Rodgers for conversion of a drill machine. The case shows that the machine was some time in the winter of 1870-1 taken from the shop of Brittain to the shop of Rodgers, and remained there till suit brought in November, 1875. That during this interval Rodgers used it. Demand was made of Rodgers before suit brought, and refused.

It also appeared that defendant some time in March, 1871, purchased the machine at a sale under chattel mortgage given by Brittain. This sale seems to have been after the removal. Brittain claims that the mortgage had been paid, and this is disputed.

The court directed the jury that if they found Brittain had any cause of action they should give the value of the machine at the time it was taken into the possession of Rodgers, with interest from that time at seven per cent.

This instruction was incorrect upon any theory, because it is fairly to be inferred from the case that the defendant set up no claim to the ownership of the property until he purchased at the mortgage sale, and there could be no pretense of any earlier conversion by him.

But the question comes up further, what evidence there was of conversion and its date. It may be fairly claimed that when plaintiff on the trial opened his case by showing a demand and refusal in 1875, he thereby elected to fix the date of it as set forth in his declaration. Without deciding this, it seems to us the record is quite consistent with the fact that there was no earlier action which put Rodgers in the wrong. Unless his purchase was tortious he certainly could not be sued in trover without demand.

It is to be inferred from the record that Brittain had

given a chattel mortgage which he did not pay promptly, and that the sale was made when there had been an apparent default. It is not shown by the bill of exceptions that Rodgers had any reason to doubt the validity of this mortgage, or that he was a guilty party to the seizure if the seizure was wrongful. If the sale was made under a genuine mortgage given by Brittain, and in apparent conformity with its terms, to a purchaser acting in good faith, we do not think the case parallel with such facts as those in *Trudo v. Anderson*, 10 Mich., 357, where the vendor never had any authority whatever to dispose of the property in dispute in the way he did, and was therefore himself a mere trespasser. In the present case, so far as we now see, there was an act done apparently within the actual written authority of the mortgagee, which under the old law would have been a valid transfer at law even if payment of the mortgage had been tendered after default. Whatever may have been the actual infirmity of title under the sale, the innocent purchaser cannot be regarded as a trespasser, and cannot be held to have wrongfully converted property to which the mortgagor by his written authority had enabled the mortgagee to give an apparently good title. The long acquiescence of more than four years, if—as seems apparent—with knowledge by Brittain of the claims of Rodgers, cannot be allowed to work a right to damages which would perhaps never have been incurred if his claim had been asserted.

The judgment must be reversed with costs and a new trial granted. We have not the authority to give a new judgment with the proper deductions as we were requested to do.

The other Justices concurred.