SIMON G. WEBSTER v. SAMUEL BAILEY AND HIRAM E. HARDY.

*Sale on credit without transfer of title.*

A payment in good faith is needed to complete a *bona fide* purchase.

B, who knew that an execution was out against H, bought a buggy from him. H had driven into town with the buggy drawn by a span of horses which he fastened to a water trough without unhitching. B went over to him and bargained for the buggy, and it was agreed that H should have credit for it on the books of B's firm, and might have it to go home with. B then went to his store and directed the clerk to give H credit, which was done by an entry on the day-book. H was not present and did not see or know of the entry. Meanwhile H went to a law-office, and the sheriff found the team and levied on the buggy. There was no bill, itemized account, receipt, acceptance, earnest money, note, memorandum or any writing signed by either party. The buggy was never in B's actual or constructive possession. *Held* that the whole transaction was executory and no title passed. It was a sale on credit to be settled on balancing accounts, and as the purchaser knew of the execution, was presumably fraudulent.

Error to Mecosta. Submitted April 11. Decided April 24.

REPLEVIN. Defendant brings error.

*Parsons & Carpenter* for plaintiffs in error. Where a
40 MICH.—81.

contract of sale is that a debt due the purchaser from the seller shall be discharged or deemed part payment, the contract must be written, *Walker v. Nussey*, 16 M. & W., 302; *Pena v. Vance*, 21 Cal., 142; Benj. on Sales, [2d Am. ed.], § 193; and if credit is to be given the seller on an open account, his creditor should give him written evidence that it is so given, *Brabin v. Hyde*, 32 N. Y., 523; *Mattice v. Allen*, 3 Keyes, 493; *Brand v. Brand*, 33 How. Pr., 167.

*J. H. Palmer* for defendants in error.

CAMPBELL, C. J. Bailey and Hardy replevied a buggy from Webster who held it under an execution levy against one William W. Hooper. Bailey and Hardy were in business at Big Rapids, and had, or claimed to have had, an account against Hooper amounting to $72.77. According to Bailey's testimony, he purchased the buggy from Hooper under these circumstances: Hooper drove into Big Rapids October 30, 1877, between one and two o'clock in the afternoon, in this buggy drawn by two horses, and stopped at a water-trough. Bailey went over to where he was, and, as he says, bargained with him for the buggy for $75, for which Bailey was to give credit on the books of the concern. He says: "Hooper and I agreed that we should have the buggy. And after I bought the buggy, he says, 'You will have to let me have it to go home with,' and I told Hooper that he might have it to go home with, and return it to us the next day. I went across the street to our market to give Hooper credit on our books." He then stated that he gave his clerk directions to give Hooper credit, which was done by the following entry on the day-book: "W. W. Hooper, by one buggy, $75.00." No bill or itemized account had been made up, no receipt was given, and Hooper neither saw nor knew of the entry. Bailey when this transaction occurred knew the sheriff had the execution which he levied. The horses were not unhitched

from the buggy, and—which is not perhaps very important in view of all the other facts,—it is not certain whether Hooper was out of the buggy when the bargain was made. No other acts were done about it. Hooper went into a law-office, and while there the sheriff found the horses and buggy fastened at the trough and seized them.

Assuming, as we must, that the jury believed this story, there was neither acceptance and receipt of the buggy, nor any earnest given, nor any note or memorandum in writing signed by either party, as required by Comp. L., § 4699.

The buggy was never in possession, actual or constructive, of Mr. Bailey, and never for a moment out of the actual possession of Hooper. Hooper received no money or receipt, and was no party to the entry on the books. The whole transaction—giving full credit to the testimony—was executory, and no title passed. Had it been executed so far as delivery of the buggy was concerned, there was no statement or ascertainment of the account, no acceptance or delivery of the buggy in payment of any present debt, no present debt large enough to pay for it, and no change of possession. It was nothing more or less than a sale on credit to be settled on the balancing of accounts, and the purchaser knew of the execution. It was therefore presumably fraudulent under § 4703 of the Compiled Laws, and the presumption of fraud not overthrown by any proof of a payment in good faith,—which is essential to complete a bona fide purchase.

We think the plaintiffs' own testimony proved conclusively that no title ever passed to the buggy, and that even the executory contract was fraudulent in law if not in fact.

The court therefore erred in not directing a verdict for the defendant.

We think there are other grounds of error, but as these must necessarily end the controversy, we shall not consider them further.

Judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.