## HUDSON *v.* EMMONS.

1. PROMISSORY NOTES—NEGOTIABILITY.

   The indorsement on the back of a promissory note of a statement by the maker as to his financial responsibility does not destroy the negotiability of the note.

2. PLEADING AND PROOF—NOTICE OF SPECIAL DEFENSE.

   A notice of defense setting up an agreement between defendant and two other parties is not sustained by proof of an agreement entered into with one of said parties.

3. SALE—STATUTE OF FRAUDS.

   An agreement whereby certain chattels are to be turned over by the owner in consideration of the surrender of a note given by him for the purchase price is a contract of sale, within the meaning of the statute of frauds.

4. SAME—SUFFICIENCY OF DELIVERY.

   A parol contract for the sale of goods exceeding $50 in value is not taken without the statute of frauds, at the option of the vendor, by a seizure of the property by the vendee under a chattel mortgage.

Error to Clinton; Daboll, J. Submitted December 5, 1895. Decided December 24, 1895.

*Assumpsit* by Joseph L. Hudson against Elmer E. Emmons on a promissory note. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

Plaintiff's suit is based upon a promissory note, which reads as follows:

"$212.00.            St. Johns, Mich., July 30, 1890.

"On or before the first day of November, 1893, for value received, we, or either of us, promise to pay to the order of Arbuckle, Ryan & Co., Toledo, Ohio, two hundred and twelve dollars, payable at the State Bank of St. Johns, Mich., with interest at eight per cent. per annum, payable annually, until maturity; if not then paid, amount due at maturity to draw interest at 10 per cent. per annum until paid.

[Signed]                                "E. E. Emmons."

A copy of this note was attached to the declaration, with the usual notice that it was the basis of the plaintiff's claim. Defendant pleaded the general issue, and gave notice of a special defense that the note was one of four notes executed by him to Arbuckle, Ryan & Co., of Toledo, Ohio, in part payment of the purchase price of a certain threshing machine; that one Peter Clavey was the agent of said company; that in December, 1892, defendant made an agreement with Clavey and the company by which he agreed to refrain from using the engine in his sawmill in the winter of 1892 and 1893, and to deliver the same to the company and to Clavey as soon as the roads should become thoroughly settled to run the said engine upon the road to St. Johns in the spring of 1893; that, in consideration thereof, the said company and Clavey agreed and promised to cancel, surrender, and deliver to him said note and one other of the four notes above mentioned; that he did desist and refrain from using said engine in said sawmill, and held the same ready to deliver at the time agreed upon, but before the time arrived, and in April, 1893, said Clavey, in defendant's absence, and without his knowledge or consent, seized and took said engine and fixtures into the possession of said company and said Clavey, thereby preventing him from delivering the same as agreed, and that by reason thereof he was discharged from liability on said note; and that

plaintiff had knowledge of the above facts at the time he acquired title to the note.

Upon the back of the note was indorsed:

"Pay Peter Clavey or order, without recourse on us.
                                    "ARBUCKLE, RYAN & CO."

Also:

"Without recourse.
                "PETER CLAVEY."

There was also indorsed upon the back a statement signed by the defendant that he was the owner of 55 acres of land, worth $2,000, unincumbered except by a mortgage of $800; and that he owned $3,000 of personal property, over and above all indebtedness and exemption.

The further facts, so far as material, will be considered in connection with the points raised.

*Lyon & Dooling*, for appellant.

*Fedewa & Walbridge*, for appellee.

GRANT, J. (*after stating the facts*). 1. The first point raised is that the note is not a negotiable instrument on account of the statement upon its back, signed by the defendant. This statement did not affect the negotiability of the note. It did not change the date, amount, or time of payment, or rate of interest. Citation of authorities is unnecessary. The note was negotiable.

2. This note was transferred by Clavey, together with other property, to secure a past-due indebtedness from Clavey to plaintiff. Plaintiff foreclosed the security, and thus obtained title. It was conceded upon the trial that the defendant was entitled to make the same defense as if the note were in the hands of Clavey. Clavey, for a full and valuable consideration, purchased the note from Arbuckle, Ryan & Co. before due. It appears by defendant's own testimony that Arbuckle, Ryan & Co. had nothing to do with the agreement set up with the plea. It

also conclusively appears that Clavey had no authority from the company to make any such agreement, and that it had no knowledge thereof. Defendant's own evidence shows an agreement with Clavey alone, and it was that Clavey should procure from the company and deliver to him these two notes, and take the engine and fixtures, which defendant was to deliver in the spring, and which remained in defendant's possession until the latter part of April or first of May, 1893, when the property was seized by Clavey, under the direction of the company, upon the chattel mortgage given to secure the payment of the four notes, one of which the company still owned, and which was unpaid. May 18, 1893, due notices of the foreclosure sale were posted, and on May 27th it was sold, and bid in by the company for sufficient to satisfy the amount of the note. The court directed a verdict for the plaintiff, stating that Clavey took the note for a valuable consideration, and that the agreement set up and testified to was void under the statute of frauds. Defendant admits he did not deliver the property, and claims that the roads were not, in his judgment, good enough to justify delivery at the place mentioned. It is also claimed that the seizure by Clavey amounted to a delivery, or, in other words, estops him to assert that the parol agreement was not executed, in that no delivery was made. Defendant failed to prove the agreement set up in his notice. He alleged an agreement with Arbuckle, Ryan & Co. and Clavey. He testified to an agreement with Clavey alone. He could not have recovered in a suit upon a declaration alleging a contract with the two and proving a contract with one alone. The same rule applies in setting up the same contract as a defense. Having failed to prove it as alleged, his defense falls.

3. The contract, as claimed by defendant, was one of sale. It rested entirely in parol. There was no delivery nor part performance to take it out of the statute. It was of no binding force until the property was delivered.

*Webster* v. *Bailey*, 40 Mich. 641. Clavey seized the property by direction of the company under the chattel mortgage. There was no agreement that Clavey might take the property. If Clavey had taken it without permission of defendant under the alleged parol agreement of sale, and defendant had replevied it, and Clavey had set up this contract, the obvious reply would have been the statute of frauds. The parol agreement could bind neither party until there had been delivery and acceptance. Until such delivery, either party could refuse to carry out the parol agreement, and set up in defense the statute.

The judgment is affirmed.

McGrath, C. J., Long and Hooker, JJ., concurred. Montgomery, J., did not sit.