VINCENT v. HANSEN.

1. CHATTEL MORTGAGES—SALE—FRAUD—ESTOPPEL.
   A vendor of goods is not estopped to reclaim them on the
   ground that they were procured by fraud, by reason of his
   having had notice, at the time of sale, of a mortgage given
   by the vendee to secure a pre-existing debt, and covering
   accessions to the stock.

2. SAME—JUDGMENT—RES JUDICATA.
   A judgment in replevin in favor of the vendor of goods, based
   upon the fraud of the purchaser, is not *res judicata* as to one to
   whom the goods were mortgaged before the claim of fraud
   was made.

Error to Manistee; McMahon, J.   Submitted April 14,
1897.   Decided May 28, 1897.

Replevin by William Vincent against John Hansen.
From a judgment for defendant on verdict directed by
the court, plaintiff brings error.   Reversed.

*F. E. Withey*, for appellant.

*Peter Doran* (*McAlvay & Grant*, of counsel), for
appellee.

HOOKER, J.   The Reeder Bros. Shoe Company brought
replevin against Carpentier for goods which the former
sold to the latter in May, 1895, claiming that they were
procured through fraud.   The action was commenced on
December 4, 1895, on which day the Reeder Bros. Shoe
Company received the goods from the sheriff, and gave
the statutory bond.   On the same day or the next, the
Reeder Bros. Shoe Company sold these goods to Hansen,
the defendant, from whom they were replevied by the
plaintiff, December 5, 1895.   The plaintiff's claim is based
on two chattel mortgages, one of which was given him

by Carpentier on November 25, 1895, for $500, for rent then and thereafter to become due, while the other was assigned to him by the mortgagee after the replevin suit by the Reeder Bros. Shoe Company was begun. This mortgage was given in 1892, and covered Carpentier's stock of goods, and such goods as might thereafter be added thereto, and was given to secure a pre-existing indebtedness of $1,400. The Reeder Bros. Shoe Company knew of the existence of this mortgage. The first replevin case was tried in September, 1896, and a verdict was rendered and judgment duly entered for the plaintiff. This action was brought on for trial subsequently, but at the same term, and the judgment in the other suit was interposed as a bar, and the court thereupon directed a verdict for the defendant.

Error is assigned upon several rulings, but they are all covered by the question mentioned. As no question is raised regarding it, we shall discuss the case upon the assumption that the judgment rendered two days before the trial was offered in evidence under proper pleadings. The judge held that these mortgagees were privies to the mortgagor; that their rights would be no greater or other than his; that, if he got no title to these goods, he could convey no title to them; and that, when the Reeder Bros. Shoe Company's title was adjudicated against him, it was adjudicated against them. The learned circuit judge expressed doubt upon the question, and recognized the impropriety of enforcing this doctrine against a purchaser for value before the adjudication, and without notice. The claim is made that the Reeder Bros. Shoe Company should be estopped from asserting title as to the bank mortgage, of the existence of which it was advised, as the bank might be supposed to rely upon accessions, to make good depletions by sales; but we think there is no force in this. The mortgage, when given, was for a past-due indebtedness, and was not good against a claim for fraud as to the goods then on hand; and we think it would be no better as to accessions. *Schloss* v. *Feltus,*

103 Mich. 525. The other mortgage may have been on a different footing, as it was given to secure rent to accrue later, and, to some extent, may have been based upon a valuable consideration, within the meaning of the term as applied to such cases. But however that may be, and although it should be held that by neither mortgage did Mr. Vincent get a better title than the mortgagor had, we are of the opinion that he should not be held concluded by the judgment in the case to which he was not a party. Both mortgages were given before the claim of fraud was made, and the mortgagees had the right to try the question of the mortgagor's title. To hold otherwise would be to make it possible for collusion between the debtor and creditor to defeat a mortgage, without the possibility of his defending his claim. It is suggested that these were cross replevins within the statute, but we think not. Vincent's claim is one personal to himself.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.