CRANE LUMBER CO. *v.* BELLOWS.

1. PLEADING—AMENDMENT OF DECLARATION—CONTINUANCE.
   Defendant's motion for a continuance in an action for con-
   version, made after the plaintiff's proof is all in and with-
   out any showing, is properly overruled, although the court
   has in effect allowed the plaintiff to amend his declaration
   with reference to the time of the conversion.

2. EVIDENCE—WITNESSES—MEMORANDA TO REFRESH MEMORY.
   *Memoranda* in the shape of books and papers purporting to
   contain a daily scale of logs and lumber, made in the course
   of business by and under the supervision of the witness
   producing them, may be used by him to refresh his recollec-
   tion, and, so used, are admissible in evidence.

3. TRIAL—PROTRACTED CROSS-EXAMINATION—REMARKS OF COURT.
   A remark by the court in the course of a cross-examination
   which he thought was being unduly protracted, with refer-
   ence to a mistake which the witness claimed to have made
   in his testimony, that he did not see the materiality of the
   matter, that the witness had stated that he had made a mis-
   take, and that it was clear upon the record that he did make
   a mistake,—was not prejudicial to the cross-examining party,
   where no question or answer was excluded

4. CONVERSION—WHAT CONSTITUTES—DEMAND.
   Appropriating and sawing the logs of another, though without
   knowledge or fault, and commingling the lumber with one's
   own, so that it cannot be identified, is a conversion, and no
   demand is necessary.

Error to Benzie; Aldrich, J.   Submitted February 2,
1898.   Decided March 15, 1898.

Trover by the Crane Lumber Company against Elwin
E. Bellows and another.   From a judgment for plain-
tiff, defendants bring error.   Affirmed.

*George Whitbeck* and *Dodge & Covell*, for appellants.

*Pratt & Davis*, for appellee.

HOOKER, J.   The plaintiff and defendants were saw-mill owners, their respective mills being situate upon opposite shores of Betsie Lake.   Both parties obtained logs by floating them down Betsie river to the lake, to a boom, where the logs were separated.   The action is trover, it being claimed that the defendants sawed, and thereby converted to their own use, a large number of the plaintiff's saw-logs.   A verdict of $992 was rendered in plaintiff's favor.   The defendants have taken a writ of error.

It is claimed on the part of the defendants that, if a conversion is shown, it occurred after May 1, 1895, the time fixed by the declaration and bill of particulars, and that proof of such acts of conversion was not admissible. The question was raised at the beginning of the trial. The court thought the testimony admissible, but said that, if not, an amendment would be permitted, and allowed the testimony to come in.   No motion to continue was made until the plaintiff's proof was all in, and then no showing was made.   The court denied the motion, and, we think, properly so.   It does not appear that the de-fendants were surprised, or in any way injured, and, though a formal amendment was not made, what was done and said was equivalent thereto.

Error is assigned upon the admission of certain papers and books, alleged to contain the list and aggregate of daily scales of logs and lumber.   This testimony came in as *memoranda* made by and under the supervision of the witnesses in course of the business, and was in the nature of *memoranda* used to refresh the recollection about mat-ters and details that could not otherwise be recollected. As used, we think they were properly received.

Counsel also assign error upon the remark of the court in relation to a mistake that one of the witnesses stated that he had made in his testimony.   Counsel was cross-examining him about the matter, when the court said: "I don't see why this is all material.   He stated he made

a mistake, and it is clear upon the record that he did make a mistake." The colloquy that followed shows that the court thought the examination was being unduly protracted, but he did not exclude any question or answer. We see no evidence that the remark complained of was injurious.

The court instructed the jury that, if logs got into the defendants' yard without their knowledge or fault, and they sawed the lumber, and commingled it with their own, so that it could not be identified, and kept no account of it, it was a conversion, and no demand was necessary. We think there was no error in this, as demand and refusal are but one evidence of a conversion, which may be shown by appropriation to the exclusion of the true owner

The judgment is affirmed.

The other Justices concurred.