*In re* DISSOLUTION OF HAYES MANUFACTURING CO.

NEW YORK CENTRAL RAILROAD CO. *v.* HAYES MANU-
FACTURING CO.

1. CARRIERS—DELIVERY OF SHIPMENT WITH DRAFT ATTACHED TO
   BILL OF LADING—LIABILITY OF PURCHASER TO CARRIER.
   Where a car load of steel was billed to shipper's order,
   notify a certain broker, with a draft attached to the bill
   of lading, and the carrier, by mistake, delivered the steel
   to the purchaser without surrender of the bill of lading,
   evidence *held*, to establish that the purchaser took with
   knowledge of the outstanding bill of lading and unpaid
   draft, entitling the carrier, who had paid the shipper, to
   recover from the purchaser.

2. SAME—DEMAND NOT NECESSARY.
   Under the circumstances of this case, demand by the
   carrier before suit to recover was not necessary.

3. SAME—FREIGHT CHARGES—REDUCTION OF DEMAND.
   The purchaser, who paid the freight charges, is entitled
   to have said amount applied in reduction of the carrier's
   demand.

Appeal from Wayne; Codd (George P.), J.    Sub-
mitted April 5, 1927.    (Docket No. 5.)    Decided
June 6, 1927.

Case by the New York Central Railroad Company
against the Hayes Manufacturing Company for the
conversion of certain steel.    Defendant being then in
the hands of receivers, the matter was transferred to
the equity side of the court as a claim against the
receivers.    From a decree disallowing the claim,
plaintiff appeals.    Reversed, and decree entered for
plaintiff.

[1]Carriers, 10 C. J. § 383; 38 L. R. A. 363; 4 L. R. A. (N. S.)
1056; 4 R. C. L. 840; 1 R. C. L. Supp. 1224; 4 R. C. L. Supp. 292;
5 R. C. L. Supp. 258; [2]Id., [3]Id.

*Angell, Turner & Dyer* (*Walter M. Meek*, of counsel), for plaintiff.

*Beaumont, Smith & Harris* (*Thomas B. Moore*, of counsel), for defendant.

CLARK, J.   A shipper at Toledo delivered to the New York Central Railroad Company a car load of steel for carriage to Detroit.   It was billed to the shipper's order, notify International Metal Company, Detroit.   Draft attached to the bill of lading was forwarded to a bank in Detroit.   The notify party was a broker.   It sold the steel to the Hayes Manufacturing Company in Detroit.   By carrier's mistake the steel was delivered to the said purchaser without surrender of the bill of lading, and the draft was not paid.   The purchaser forthwith used the steel in its business.   The carrier paid the shipper and brought this suit against the purchaser, the Hayes Manufacturing Company, and it being in the hands of receivers at the time of hearing, the matter was heard and disposed of in equity as a claim filed with the receivers.   Recovery was denied, and the carrier appeals.

The pivotal question is the *bona fides* of the Hayes Manufacturing Company.   It had testimony that it purchased in good faith and without notice.   An officer of the notify party and an agent of the carrier testified to the contrary.   A consideration of the circumstances in connection with this conflict of testimony persuades us that by a preponderance of evidence it is established that the Hayes Manufacturing Company was not a good-faith purchaser, and that it took the steel with knowledge of the outstanding bill of lading and unpaid draft.   It may be noted, too, that it applied the price largely in satisfaction of a preexisting debt of the broker.   The purchase having been made with knowledge and notice of plaintiff's rights, and hence not in good faith, plaintiff should

recover.    10 C. J. p. 268; *Vincent* v. *Hansen,* 113 Mich. 173.

Demand before suit was not here necessary.    *Crane Lumber Co.* v. *Bellows,* 116 Mich. 304; *Rodgers* v. *Brittain,* 39 Mich. 477.

The freight charges, $60.34, paid by the Hayes Manufacturing Company and pleaded by it as a set-off in the suit at law, should be applied in reduction of plaintiff's demand, and it is held that on July 18, 1920, the Hayes Manufacturing Company was indebted to plaintiff in the remaining sum of $3,722.16.

Decree reversed.    Plaintiff will have decree, with costs of both courts.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.