AUTOMOBILE EQUIPMENT CO. *v.* MOTOR BANKERS CORPORATION.

1. SALES—PURCHASER FOR VALUE—PRE-EXISTING DEBT.
   One who receives a chattel in satisfaction of pre-existing debt from seller whose title is defeasible is not purchaser for value.

2. SAME—CHATTEL MORTGAGES—PURCHASER FOR VALUE.
   Where cancellation of antecedent debt was but part of consideration, buyer of mortgaged automobile was purchaser for value as to remainder paid in cash, and is entitled to protection accordingly as against mortgagee failing to record mortgage.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 8, 1930. (Docket No. 12, Calendar No. 34,772.) Decided June 27, 1930.

Bill by Automobile Equipment Company, a Michigan corporation, against Motor Bankers Corporation, a Michigan corporation, Samuel J. Schoneman,

As to whether taking personal property in payment of antecedent debt constitutes one a purchaser for value, see annotation in 36 A. L. R. 161; 44 A. L. R. 448.

and others to avoid a chattel mortgage or conditional sales agreement. From a decree for plaintiff, defendant Schoneman appeals. Reversed.

*Howell S. White,* for plaintiff.

*Ford P. Brooks,* for defendant Schoneman.

CLARK, J. Defendant Community Motors, Incorporated, was engaged in the business of selling at retail new Nash automobiles. Its salesroom in Detroit was rented from defendant Samuel J. Schoneman and another. The dealer was in arrears for rent near $650 or more. To secure the rent, the dealer gave to Schoneman a purchase agreement covering a new car, and it was agreed that the car remain on the floor of the dealer's salesroom. Concededly this agreement was in the nature of a mortgage. It was not filed of record. The dealer was indebted to plaintiff $733.26 for merchandise. Plaintiff pressed for payment, and finally it purchased the car in question from the dealer, the consideration being the cancellation of the existing indebtedness and $272.78 paid in cash and $300 paid in merchandise. Plaintiff knew nothing of the mortgage. Plaintiff took the car to its place of business. It added equipment to the car at cost of $42. Defendant Schoneman some weeks later learned of the sale to plaintiff and he got possession of the car and admittedly converted it. This suit followed, in which plaintiff had decree against Schoneman for the full amount of $1,348.04 and interest.

Appellant Schoneman presents one question:

"Admitting plaintiff to have acquired title to said automobile and to be a *bona fide* purchaser thereof to the extent of payment made at the time of

purchase, is it a *bona fide* purchaser to the extent of its surrender and cancellation of existing indebtedness?''

It is a settled rule in this State, supported by the weight of authority, that one who receives a chattel, in satisfaction of a pre-existing debt, from a seller whose title is defeasible, is not a purchaser for value. *Schloss* v. *Feltus,* 96 Mich. 619, 103 Mich. 525 (36 L. R. A. 161); *Kops Bros. Co.* v. *Smith,* 137 Mich. 28; 44 A. L. R. 488, note.

But what is the rule where the antecedent debt is but part of the consideration, as in the case at bar?

The trial judge in this regard held, in effect, that plaintiff was a purchaser for value. In this he is sustained perhaps by the weight of authority. 44 A. L. R. 493, note. His attention seems not to have been called to the rule in this State. We quote from *Schloss* v. *Feltus,* 96 Mich. 619, 103 Mich. 525 (36 L. R. A. 161):

"It is well settled that actual payment in good faith is needed to complete a *bona fide* purchase, and, in any event, a purchaser from a fraudulent vendee can only be protected to the extent of payments actually and in good faith made. *Dixon* v. *Hill,* 5 Mich. 404; *Kohl* v. *Lynn,* 34 Mich. 360; *Webster* v. *Bailey,* 40 Mich. 641; *McGraw* v. *Solomon,* 83 Mich. 442."

In *Zucker* v. *Karpeles,* 88 Mich. 413, Zucker sold goods, on alleged fraudulent representation, to Karpeles, a merchant, who received them, and, being indebted to Heavenrich Brothers in a large sum on notes and on a check (and they were also indorsers), gave them a chattel mortgage on his stock, including the goods, to secure them and in consideration of $300 paid to him in cash. On review by plaintiff it was held, quoting syllabus:

"Where a debtor, for a new and valuable consideration, mortgages goods in his possession, which he has obtained under a contract of sale induced by his fraudulent practices, to a party who is ignorant of such fraud, and who acts in good faith, relying upon the ostensible ownership of the goods by the mortgagor before the defrauded vendor has rescinded the contract, the mortgagee may hold the goods against the title of the vendor, upon the equitable doctrine that, where one of two innocent parties must suffer by the wrongful act or default of another, the loss must fall upon him through whose act or neglect the third party was enabled to commit the wrong.

"The doctrine is an equitable one, and extends no further than is necessary to protect the innocent party in whose favor it is invoked, and in this case only protects the mortgagees to the extent of the cash advanced to the mortgagor; they being already liable on the notes contingently as indorsers, and an executory promise, not changing their situation for the worse, not being such a consideration as will bring them within the protection of *bona fide* mortgagees or purchasers" * * *.

Plaintiff cannot be regarded as a purchaser for value as to the amount of the pre-existing debt. It is a purchaser for value for the remainder of the consideration paid, and is therefore entitled to protection accordingly. The judgment should be reduced by the amount of the pre-existing debt, $733.26, and judgment rendered for the remainder, $614.78 with interest.

As the question is of law, the cause is remanded for judgment accordingly.

Reversed, with costs of this court to defendant.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.