## Richmond E. Case v. John W. Frey and others.

*Certiorari: Affidavit: Return.*    Where an affidavit for *certiorari* complains of rulings of the court, but no return is made except of the record, and the plaintiff in *certiorari* goes to a hearing upon such return, this court will consider nothing except what the record, thus made up, discloses.

*Evidence: Record: Presumptions.*    The evidence in such case forms no part of the record, and where the judgment recites that the court received the proofs and considered the arguments of the respective parties, in the absence of any return to the contrary, it will be presumed that the proofs were sufficient, both in form and substance.

*Power of village authorities to open and vacate alleys, etc.: Power of circuit courts to alter or vacate town plats.*    The power given by the charter of Three Rivers to

CASE v. FREY.

the village authorities to open and vacate alleys, does not exclude the exercise by the circuit courts of the power conferred upon them by statute to alter or vacate town plats.

*Petition to vacate {town plats: Verification.* The petition by which proceedings under said statute are instituted need not be verified by oath.

*Statute construed: Petition, how signed.* Such petition need not be signed by all the persons interested. The amended statute (*Sess. L., 1867, p. 259*) was intended to authorize any owner to make the application, and any other owner to oppose it.

*Heard January 3. Decided January 9.*

*Certiorari* to St. Joseph Circuit.

*J. H. Lyon* and *Balch, Smiley & Balch,* for plaintiffs in *certiorari.*

*R. R. Pealer* and *H. H. Riley,* for defendants in *certiorari.*

CAMPBELL, J.

The writ of *certiorari* was sued out to procure a review of the proceedings in the circuit court of St Joseph county, to vacate a portion of an alley in the village of Three Rivers.

The affidavit for *certiorari* complained of several rulings of the court, but no return has been made except of the record; and as the plaintiff in *certiorari* elected to go to a hearing upon the return as it stands, the consideration of all things not appearing of record must be omitted.

The first question presented is, whether the power given by the charter of Three Rivers to the village authorities to take measures for opening and vacating streets and alleys, is not exclusive of any similar power in the circuit courts.

The statutes conferring this power on the circuit courts contain no limitations in regard to cases where there is another remedy. When a statute is intended to be general in its operation, and gives authority to the principal courts of original jurisdiction to act on the petition of all persons having occasion for such action, it cannot be assumed that any part of the state is to be excluded from this policy

without plain language leading most naturally to that result. All persons *must* be left on an equality of privileges, unless the contrary intention is manifest. There is nothing unusual in giving a choice of two or more remedies to obtain similar ends. And it is worthy of some consideration whether the power given to the village authorities is in all respects co-extensive with that given by the town plat act to the circuit courts. Be this as it may, we think there is no repugnance between the systems, and that the power remains as if the village charter had been silent. No similar proceeding was pending.

Another question presented is, whether a petition under the statute is valid unless sworn to. One verified petition was filed, but as it was abandoned for another, because of supposed imperfections, the amended one must be considered as the foundation of the proceeding.

The statute does not require the petition to be sworn to; and it is not made evidence. The applicants are required to "produce to said court satisfactory evidence   *   *   * that there is no reasonable objection to making such alteration or vacation."—*1 Sess. L., 1867, p. 260.* There is no uniform rule of law requiring such papers to be verified. It is indeed, generally true, that relief can only be given by courts upon responsible evidence; and where preliminary action is taken which will affect any one injuriously, as in case of attachments, arrests, injunctions, replevin or the like, there must usually be a sworn showing in aid or verification of the complaining parties' pleading or application, whether at law or in equity. But where it is not made use of to obtain preliminary relief in advance of the hearing, it need not be verified unless there is some rule or precedent specially requiring it. And none has been adopted in cases like the present so as to be obligatory. There is no rule of court covering the case.

It is claimed that the petition is bad because not signed by all the persons interested. But the statute, as amended in 1867, allows a petition to be presented by "any owner or owners of any part of a town" to "vacate the same or any part thereof;" and the petition is to set forth the " names of the persons to be particularly affected thereby, and the extent of their interest in that part of the town which it is proposed to alter or vacate."—*1 Sess. L., 1867, p. 259, 260, §§ 1135–6–7.* Notice of the application is to be posted and published, and any person owning any part of the town immediately adjoining the part it is intended to vacate, is authorized to appear and oppose the petition. It is quite evident that the amended statute was intended to authorize any owner to make the application, and any other owner to oppose it.

Plaintiff did come in and oppose it. The notices required by the statute all appear to have been given, and he had, and exercised, his right to be heard. His chief objections are directed against the action of the court as based on insufficient evidence.

The statute clearly requires that the petitioners shall make out a good and sufficient case. The decree vacating the alley in question recites that the court received the proofs and allegations and considered the arguments of the respective parties. In the absence of any return to the contrary, it must be presumed that the proofs were sufficient both in form and substance. They form no part of the record, and we have no means of knowing what they were.

The objection is also made that the law is unconstitutional in vesting the title to the vacated streets and alleys in the owners of the adjoining lots. This would not necessarily invalidate the proceeding in other respects, in case it were held to be beyond the power of the legislature. But the statute was not designed to destroy actual rights.

We do not deem it important to consider the rights of the bordering proprietors to the vacated property, inasmuch as there is nothing in the case bearing upon it beyond the general presumption that the petitioners must have made proof of such ownership in themselves and the others named in their petition as was requisite to justify the action of the court. Any further questions are outside of the record. If there was any defect of proof, the plaintiff should have complained of it and required a further return.

There is no error apparent, and the proceedings must be affirmed, with costs.

The other Justices concurred.