BURT *v.* BOARD OF SUPERVISORS OF IRON CO.

1. PUBLIC OFFICERS—REMOVAL OF SUPERINTENDENTS OF POOR—RECORD ON CERTIORARI.

Where, on *certiorari* by the superintendents of the poor of a county to review the action of the board of supervisors in removing them from office, the return of the board shows that, by mutual consent, the making of a record of the testimony in the case was dispensed with, the plaintiffs are not in position to complain that the evidence is not returned, nor can the court assume that it was insufficient.

2. SAME—SUFFICIENCY OF CHARGES.

The petition for the removal of the plaintiffs charged them with having audited and allowed their own bills for individual services performed by them, with having issued warrants on the county treasurer in their own favor in excess of the compensation allowed them by the board of supervisors, and of the amounts justly due them, as fixed by the board or the statutes, and with having used the credit of the county in procuring livery rigs for their own use, and with having audited bills for the same, and drawn warrants on the county treasurer for their payment. The charges were amplified by a bill of particulars setting up the amounts of the items claimed to have been improperly allowed, with the date of allowance and the name of the person to whom allowed. *Held,* that the charges, as thus limited, were sufficiently specific.

3. SAME—INCOMPETENCY.

Under the statute (1 How. Stat. § 483, subd. 17), it is not essential to the validity of a removal of such officers for incompetency that the action taken should be based upon specific charges.

*Certiorari* by John Burt and Christopher T. Roberts to review the action of the board of supervisors of Iron county in removing plaintiffs from their offices as superintendents of the poor. Submitted January 10, 1896. Writ quashed March 3, 1896.

*Handy & Abbott*, for plaintiffs.

*M. H. Moriarty*, Prosecuting Attorney, for defendant.

MONTGOMERY, J.   This is *certiorari* to review the action of the board in removing the plaintiffs in *certiorari* from office as superintendents of the poor.   In the brief filed on behalf of the plaintiffs in *certiorari* it is conceded that the meeting of the board at which the action was taken was regular, that notice of the hearing was properly given, and a copy of the charges duly served.   The errors relied on are—*First*, the insufficiency of the charges; and, *second*, the insufficiency of the evidence.

As to the latter objection, it will suffice to say that the evidence is not returned, and that the return of the proceedings by the clerk of the board shows that, by mutual consent, the making of a record of the testimony in the case was dispensed with.   Under these circumstances, the respondents are not in position to complain that the evidence is not returned, nor can we assume that it is insufficient.   *McGregor* v. *Gladwin Co. Supervisors*, 37 Mich. 390.

The petition for removal was in general terms, and charged:

"1. That the superintendents of the poor have audited and allowed their own bills for individual services performed by them in and about the care and management of the poor of said county.

"2. That they have issued warrants drawn on the county treasurer in favor of themselves, in excess of the compensation allowed them by the board of supervisors of said county, and in excess of the amounts justly due them, as fixed by said board or the statutes of the State of Michigan.

" 3. That they have been directly interested in contracts made with the county of Iron in and about the management of the poor, for the sale of wood and other materials purchased by them for the use of the county, and in the rental of buildings hired by them for the use of the said county, and have audited and allowed bills, and drawn their warrants on the treasurer of said county to their own order in payment of the same.

" 4. That they have drawn warrants upon the county treasurer of said county in excess of the amount appropriated by the board of supervisors of the said county for the support of the poor of said county.

" 5. That they have used the county's credit in procuring livery rigs for their own use, and have audited and allowed bills, and drawn warrants upon the county treasurer of said county in payment of the same.

" 6. That the county poor fund is now overdrawn by them, in the sum $23,000, on account of their extravagance and incompetency to properly and economically discharge the duties of the office of superintendents of the poor, to which they have been appointed."

On appearing before the board, the respondents moved to dismiss the proceedings, on the ground that the charges were not sufficiently specific, and, on this motion being denied, demanded a bill of particulars, which was furnished, as follows:

" You will please to take notice that the following is a bill of particulars of the charges preferred against the superintendents of the poor, as near as your petitioner can furnish the same:

1895.

| | | |
|---|---:|---:|
| January 2. To Frank Raher, transportation, mileage, etc., audited and allowed | $23 | 00 |
| January 2. To Frank Raher, allowed | 8 | 00 |
| February 1. To Frank Raher, for time, mileage, etc. | 45 | 00 |
| February 1. To Frank Raher, to board of Champion | 8 | 00 |
| March 1. To Frank Raher, services, mileage, etc. | 39 | 00 |
| April 1. To Frank Raher, for bill rendered | 7 | 55 |
| April 1. To Frank Raher, for bill rendered | 5 | 65 |
| April 1. To Frank Raher, mileage and services | 14 | 80 |
| April 1. To Frank Raher, to services as fixed by county board | 100 | 00 |

1895.

| | |
|---|---:|
| May 3. To Frank Raher, time and mileage for April | $39 00 |
| January 2. To John Burt, mileage, services, etc. | 22 00 |
| March 1. To John Burt, mileage, etc. | 15 00 |
| April 1. To John Burt, to services and mileage | 15 00 |
| April 1. To C. T. Roberts, to 4 months' services | 133 33 |
| April 1. To C. T. Roberts, to services as secretary | 66 66 |

"Said board used the credit of the county, as shown by their records, for livery rigs, as follows:

| | |
|---|---:|
| January 2. To A. J. Boyington, livery | 4 00 |
| February 1. To A. J. Boyington, livery | 5 00 |
| April 1. To A. J. Boyington, livery | 13 00 |
| May 3. To A. J. Boyington, livery | 6 25 |

"Which bills were audited and allowed by the superintendents of the poor at their meetings held on the dates herein mentioned."

Respondents then moved that the proceedings be quashed, except as to the fifth charge, "that being the only charge in which said bill of particulars is in any way clear." This motion was denied, and the board proceeded to take testimony, and, at the conclusion thereof, and after hearing arguments by counsel, passed a resolution embodying the following:

"Be it therefore resolved by the board of supervisors of said county of Iron, that it is the opinion of this board, sitting in judgment in said cause, on this 9th day of July, A. D. 1895, and it does, by the adoption of this resolution, find, that the charges set forth in the petition of said M. H. Moriarty are true; and that the said Christopher T. Roberts and John Burt are wholly incompetent to perform and transact the duties of the office of superintendents of the poor of said county of Iron, and unfit to longer hold the said office of superintendents of the poor to which they were appointed; and that the said Christopher T. Roberts and John Burt be, and they each are hereby, removed from the office of superintendents of the poor of the county of Iron, and that the office of said Christopher T. Roberts and John Burt, and each of them, be, and is hereby, declared vacant."

The board of superintendents of the poor consisted of the two respondents and Frank Raher.

While the proceeding for removal is *quasi* judicial,

and while it is well settled that the officer is entitled to notice of the charges, and that such charges must be sufficiently specific to apprise him of what he is to meet, yet the technical rules of pleading are not to be applied. Throop, Pub. Off. § 398. We think the charges, as limited by the bill of particulars, were sufficiently specific, and apprised the respondents of the items which it is charged that the board improperly allowed to themselves. This proceeding was had under paragraph 17, § 483, 1 How. Stat., and it is held, in *Trainor* v. *Board of Auditors*, 89 Mich. 169, that, on removal for incompetency, it is not essential to the validity of a removal under this section that specific charges be made. In any view, we think the respondents had no ground of complaint.

The writ will be quashed, with costs against plaintiffs in *certiorari*.

The other Justices concurred.