In re DETROIT & WINDSOR FERRY CO.

1. CORPORATIONS—TAXATION—FRANCHISE FEE—INDEBTEDNESS TO BE APPORTIONED UPON PROPERTY WITHOUT AS WELL AS WITHIN STATE.

A domestic corporation owning assets within and without the State is not entitled to deduct all of its indebtedness from its Michigan assets in computing its privilege tax under Act No. 85, Pub. Acts 1921, and the secretary of State, in computing the amount of said tax, properly apportioned its indebtedness upon all of its assets.

2. SAME—EXEMPTIONS—CONSTRUCTION OF STATUTE.

Said computation does not offend section 5 of said act, providing that none of the property or capital located without the State "shall in any case enter into the computation of the net àmount   *   *   *   upon which the computation of the privilege fees shall be made," which is construed to mean that the property without the State shall not enter into, be computed into, or become a part of that amount or sum upon which the tax is computed.

3. SAME—CERTIORARI—QUESTIONS BEFORE COURT.

On certiorari to review an order of the corporation tax appeal board sustaining the decision of the secretary of State in computing the amount of plaintiff corporation's privilege fee under Act No. 85, Pub. Acts 1921, where the question that plaintiff's capital and surplus are represented by property used exclusively in foreign commerce, and that therefore it is not subject to the act because of the exception as to interstate commerce in section 5 of said act, and also because of the commerce clause of the United States Constitution, was not raised in the affidavit for the writ, it cannot be considered.

Certiorari to Corporation Tax Appeal Board.   Submitted April 29, 1924.   (Calendar No. 31,303.)   Decided May 8, 1924.

The Detroit & Windsor Ferry Company tendered

On constitutional equality in the United States in relation to corporate taxation, see note in 60 L. R. A. 321.

its annual corporation franchise tax to Charles J. DeLand, secretary of State. Defendant declined to accept the computation of plaintiff and determined the amount due, from which plaintiff appealed to the corporation tax appeal board. From an order denying the appeal, plaintiff brings certiorari. Affirmed.

*Campbell, Bulkley & Ledyard* (*Wilson W. Mills* and *Edward C. P. Davis*, of counsel), for appellant.

*Andrew B. Dougherty*, Attorney General, and *Donald W. Sessions*, Assistant Attorney General, for appellee.

CLARK, C. J. Certiorari to the corporation tax appeal board. Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [1-14]). We quote in part:

"SECTION 4. Every corporation organized or doing business under the laws of this State, excepting those hereinafter expressly exempted therefrom, shall, at the time of filing its annual report with the secretary of State of this State, as required by section seven hereof, for the privilege of exercising its franchise and of transacting its business within this State, pay to the secretary of State, an annual fee of three and one-half mills upon each dollar of its paid-up capital and surplus, but such privilege fee shall in no case be less than fifty dollars nor more than ten thousand dollars. * * *

"SEC. 5. * * * None of the property or capital, of any corporation subject to paying the privilege fee prescribed in section four which is located without the State of Michigan, and none of the capital or surplus of such corporation represented by property exclusively used in interstate commerce, shall in any case enter into the computation of the net amount of the authorized capital, or the capital and surplus, as the case may be upon which the computation of the privilege fees shall be made." * * *

In August, 1922, plaintiff, Detroit & Windsor Ferry Company, a Michigan corporation, filed its report, under the act, showing:

"Assets located within Michigan.............$1,148,262.13
Assets located without Michigan.......... 1,687,831.08
            *        *        *        *
Liability on real estate mortgage..........     40,000.00
Other liabilities ..........................    815,305.73
Common stock outstanding ................    760,000.00
Surplus ................................. 1,220,787.48"

The plaintiff—

"took the item of assets of the corporation located within Michigan ($1,148,262.13), and deducted therefrom the sum of $855,305.73, being the liabilities of the corporation (excepting liability for outstanding capital stock and surplus), which gave a difference of $292,956.40, and upon this difference it paid to the secretary of State a tax of 3½ mills upon each dollar thereof (*i. e.*, $292,956.40 times .0035 equals $1,025.35)."

The secretary of State, advised by the attorney general, declined to accept plaintiff's computation, and instead determined the amount of the privilege tax as follows: $1,148,262.13 (Michigan assets), divided by $2,836,093.21 (gross assets), equals .4048746, portion of indebtedness against Michigan assets; $855,305.73 (total indebtedness), multiplied by .4048746, equals $346,290.75 indebtedness against Michigan property. $1,148,262.13 (Michigan assets), minus $346,290.75 (indebtedness), equals $801,971.38, net assets, multiplied by .0035, equals $2,806.90, privilege fee. Plaintiff appealed to the corporation tax appeal board, who sustained the secretary of State.

Plaintiff on certiorari contends that the computation of the secretary of State, sustained as aforesaid, is unlawful because of section 5 above quoted, which provides that none of the property or capital located without the State of Michigan—

"shall in any case enter into the computation of the net amount   *   *   *   upon which the computation of the privilege fees shall be made."

227—Mich.—10.

The statute should receive a reasonable construction with a view to carrying out its purpose. *Bacon* v. *Board of State Tax Com'rs,* 126 Mich. 22 (60 L. R. A. 321, 86 Am. St. Rep. 524) ; 25 R. C. L. p. 1092. We construe the statute to mean that the property without the State shall not enter into, be computed into, or become a part of that amount or sum upon which the tax is computed. So construed, the computation of the State does not offend the statute. Plaintiff's method of computation might lead easily to absurdity. Suppose plaintiff had property in Canada, $2,000,000, and in Michigan, $1,000,000, and owed $1,000,000. It would set its total debt against its Michigan property, and pay no tax. Such a result is against the purpose and the letter of the act.

Plaintiff says in its brief that its capital and surplus are represented by property used exclusively in foreign commerce, and that therefore it is not subject to the act because of the exception as to interstate commerce in said section 5, and, in any event, because of the commerce clause of the Constitution of the United States. The question is not raised in the affidavit for the writ, and therefore cannot be considered. *Booker* v. *Medical College,* 156 Mich. 95 (24 L. R. A. [N. S.] 447) ; 2 Stevens' Mich. Practice, § 527.

The determination of the board is affirmed.

MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred. BIRD, J., did not sit.