In re STATE HIGHWAY COMMISSIONER.

1. Eminent Domain—Jurisdictional Requisites.

Jurisdictional requisites to condemnation of private land for highway purposes under Act No. 352, Pub. Acts 1925, as amended by Act No. 92, Pub. Acts 1927, are: (1) Notice to landowner of hearing on necessity with declaration that good-faith effort to purchase has been made; (2) judicial hearing by State highway commissioner in which shall be presented testimony both on necessity and effort to purchase; (3) determination by commissioner that he has found both necessity and requisite effort to purchase.

2. Same—Showing of Jurisdictional Facts Sufficient if Not Disputed.

Report of deputy State highway commissioner stating facts showing that requisites of statute (Act No. 352, Pub. Acts 1925, as amended by Act No. 92, Pub. Acts 1927) for condemnation of private land for highway purposes had been complied with constitutes *prima facie* evidence of facts recited therein (section 22), and, where not disputed, must be presumed, on certiorari, sufficient to justify judgment of necessity.

3. Same—Showing of Good-Faith Effort to Purchase.

Statement by State highway commissioner, in his determination of necessity, in referring to purchase of land, that he had been unable to agree with owners or persons interested therein, being in statutory language, was sufficient to show good-faith effort to purchase.

4. Same—Determination of Necessity Final Unless Reviewed Directly as Provided by Statute.

Under Act No. 92, Pub. Acts 1927, providing for review of determination of necessity, said determination is final, in absence of showing of want of jurisdiction in highway commissioner to make order, unless reviewed directly on certiorari in advance of appointment of commissioners on damages, and showing of necessity and of good-faith effort to purchase need

not be made, nor can it be reviewed by court or commissioners in proceedings to fix compensation.

5. SAME,—DETERMINATION OF NECESSITY SUFFICIENT TO SUPPORT COMPENSATION PROCEEDINGS.

Where there was no affirmative showing of lack of jurisdiction in State highway commissioner to make determination of necessity, order of determination was sufficient to support proceedings on compensation.

6. SAME—STATUTES MUST BE CONSTRUED TO EFFECTUATE PURPOSE.

Condemnation statutes must be construed to effectuate their purpose, general terms of act are important in finding effect of particular provision, and construction must be in favor of landowner.

7. SAME—IF PRIOR PROCEEDINGS REGULAR TAKING OF LAND IS COMPLETE.

If proceedings to determine necessity, to make tender or deposit, and to give notice of taking possession are regular, taking of property for public use is complete.

8. SAME—AFTER RIGHT TO COMPENSATION VESTS PROCEEDINGS MAY NOT BE ABANDONED.

In absence of statutory leave, condemnation proceedings may not be dismissed or abandoned after landowner's right to compensation has become vested, or after actual possession of land has been taken.

9. SAME—PROVISION AS TO TIME FOR COMPENSATION PETITION MANDATORY TO CERTAIN EXTENT.

Provision in section 7, Act No. 352, Pub. Acts 1925, requiring State highway commissioner within 90 days after filing determination of necessity to petition circuit court to appoint commissioners to fix landowner's compensation is mandatory to extent of establishing definite date on which landowner may demand performance and if necessary enforce it by mandamus, but delay beyond time fixed in filing petition does not void entire proceeding, nor does it defeat landowner's right to compensation.

10. SAME—DAMAGES—EVIDENCE OF VALUE OF LAND.

If contract whereby developers of tract of land for club purposes agreed to pay owner certain price for land out of proceeds of sale of club memberships is some evidence of value of land, it is not conclusive.

11. SAME—AWARD WITHIN RANGE OF TESTIMONY CONCLUSIVE.

Award of commissioners to owner of land condemned for highway purposes within range of testimony is conclusive.

12. SAME—DISQUALIFICATION OF HIGHWAY COMMISSIONER TO MAKE DETERMINATION OF JUDICIAL NATURE.

Question of disqualification of State highway commissioner to make determination of judicial nature, of necessity for taking private land for highway purposes, after he had let contracts for construction of said highway, if timely raised, would have been fatal.

Certiorari to Emmet; Shepherd (Frank), J. Submitted April 23, 1930. (Docket No. 106, Calendar No. 34,857.) Decided December 2, 1930.

Condemnation proceedings by Grover C. Dillman, state highway commissioner, against the Conway Lumber Company, a Michigan corporation, of lands to be used for State highway purposes. Defendant reviews order confirming award of circuit court commissioners and order for payment by certiorari. Affirmed.

*Wilber M. Brucker,* Attorney General, and *Lincoln E. Bradt* and *Harry N. Deyo,* Assistant Attorneys General, for plaintiff.

*George E. Nichols* and *Leon W. Miller,* for defendant.

FEAD, J. This is certiorari to the circuit court for the county of Emmet, to review proceedings for the condemnation of land of the Conway Lumber Company for State highway purposes, under Act No. 352, Pub. Acts 1925, as amended by Act No. 92, Pub. Acts 1927.

Contracts for the work were let before any condemnation proceedings were commenced. The hear-

ing on necessity was conducted by H. G. Oakes, under appointment of the State highway commissioner, Mr. Rogers, by virtue of section 28 of the act. Mr. Oakes filed a report, and Mr. Rogers made a determination of necessity on December 1, 1928, in which he fixed damages of the Conway Lumber Company at $2,000. Mr. Rogers subsequently resigned, and, some 117 days after the determination of necessity, his successor, Mr. Dillman, filed his petition in circuit court for the appointment of court commissioners to fix compensation. The court commissioners allowed Conway Lumber Company $3,500 damages. It claims $115,000. Most of the contentions involve questions of procedure and may be answered by outlining the statutory steps.

Under another and prior statute, 1 Comp. Laws 1915, § 4358 *et seq.,* both necessity and compensation were determined by commissioners appointed by circuit court. An affirmative showing before the commissioners that a good-faith effort to purchase had been made before institution of proceedings was held mandatory and jurisdictional. *In re Petition of Rogers,* 243 Mich. 517. Under Act No. 352 the questions are divided, the highway commissioner determining necessity, and the court commissioners passing only on compensation. Act No. 352 was found defective in not affording the property owner an opportunity to be heard on necessity, and in not providing a judicial review of the determination of necessity by the highway commissioner, his determination being the exercise of a judicial function. *Hendershott* v. *Rogers,* 237 Mich. 338. The defects were cured by Act No. 92, which provides for notice of hearing (section 4), and a review of the determination of necessity on certiorari (section 27). *Ziegel* v. *Bd. of Road Com'rs,* 241 Mich. 161.

The requirement that an effort to purchase precede the institution of condemnation proceedings was preserved in Act No. 352 and Act No. 92 (section 4). This court, through Mr. Justice McDonald, declared its effect to be:

"It is our judgment that this provision of the statute is mandatory and requires a good-faith effort to purchase as a condition precedent to a hearing on the question of necessity. It is jurisdictional and must be alleged in the notice, proved at the hearing, and determined in the order of necessity. If this is not done, all subsequent proceedings are void." *Allen* v. *Rogers,* 246 Mich. 501.

Section 4 further provides that the declaration of the highway commissioner that he has been unable to agree with the owner on a purchase price, as well as his determination of necessity, shall not thereafter be questioned. In *Allen* v. *Rogers, supra,* this provision was construed to mean that:

"If there is any proof to support the commissioner's declaration that he had made a good-faith effort to purchase, his declaration is conclusive. It cannot thereafter be questioned. His jurisdiction to proceed does not depend upon the correctness of his judgment on the facts presented by the proof, but upon his observance of the law. His jurisdiction can be questioned, but not his findings on the facts, unless the record shows that there is no evidence to support them."

As construed, the statutes require, as jurisdictional requisites of the determination of necessity:

1. Notice to the landowner of hearing on necessity, containing a declaration that a good-faith effort to purchase has been made.

2. A judicial hearing by the highway commissioner in which shall be presented testimony both

on necessity and that the effort to purchase has been made. This contemplates that the highway commissioner shall make a record of the proceedings and evidence.

3. A determination by the highway commissioner that he has found both necessity and the requisite effort to purchase.

The only evidence in this record of the proceedings at the hearing on necessity is a report by Deputy Oakes to the State highway commissioner, in which he stated that he had held the hearing; that Conway Lumber Company and others had appeared; that all had agreed that the road was necessary; that no agreement for compensation could be reached and they desired commissioners appointed to assess their damages; that a witness had testified; and that the highway department "was unable to reach an agreement as to what should be paid for said lands." This report constitutes *prima facie* evidence of the facts recited therein (section 22). There is no evidence in the record to dispute it. Upon certiorari, where the evidence is not returned, it will be presumed to have been sufficient to justify the judgment. *Case* v. *Frey,* 24 Mich. 251; *Burt* v. *Sup'rs,* 108 Mich. 523; *Benton Harbor Terminal R. Co.* v. *Hall,* 131 Mich. 384; *Lasley* v. *Preston,* 157 Mich. 66. So, if the question of necessity were reviewable in this proceeding, it would be assumed that proper testimony of effort to purchase had been presented.

The State highway commissioner made a determination of necessity, in which he found:

"I further determine that it is necessary to take for such improvement an easement for public highway purposes over and upon certain private property, for the purchase of which I have been unable

to agree with the owners or persons interested therein.''

The statement referring to purchase is in statutory language, and is, therefore, sufficient.

Under Act No. 352, certiorari was provided for review of condemnation, on the same procedure as for review of circuit court judgments and on application within 20 days after confirmation of the report of the commissioners. But by section 4, the determination of necessity was declared unassailable, and the remedy by certiorari did not apply to it. By Act No. 92, Pub. Acts 1927, certiorari was provided for review of the determination of necessity, on procedure similar to that for review of judgments of justices of the peace, which requires notice within five days after judgment, and application for the writ within ten days. The statute provides for the transfer of title and possession of the premises to the State before the petition to appoint the court commissioners on compensation is made. It clearly contemplates that the determination of necessity is final, unless it is reviewed directly on certiorari in advance of the appointment of commissioners on damages, and that a showing of necessity and of good-faith effort to purchase need not be made, nor can it be reviewed by the court or commissioners in the proceedings to fix compensation. To this there is, of course, the exception that the determination may be challenged by an affirmative showing of want of jurisdiction in the highway commissioner to make the order, as for lack of notice of the hearing. There was no affirmative showing of lack of jurisdiction to make the determination of necessity. The order was sufficient to support the proceedings on compensation. This disposes of all the objections to the proceedings on

necessity, including the contention that the State highway commissioner was disqualified from determining necessity by reason of his having let contracts in advance of the proceedings, first raised on confirmation of the report of the court commissioners.

Section 7 of the act provides that within 90 days after the filing of the determination of necessity the highway commissioner shall petition the circuit court to appoint commissioners to fix compensation. It is contended that the time is mandatory and jurisdictional and that the whole proceeding was void because the petition had not been filed in season.

No authorities in point or analogous were cited. The question must be determined upon an original construction of the statute, resting upon principles concisely stated in *Re Powers' Appeal,* 29 Mich. 505:

"The course to be taken is quite minutely set forth, and, inasmuch as the proceedings are special and adverse, whereby private property is taken against the will of the owner, the settled principles of law require strict compliance with every provision which is not so purely formal as in no way to bear upon the protection or rights of the parties to be affected."

And in *Detroit Sharpshooters' Association* v. *Highway Commissioner,* 34 Mich. 36:

"The rule is well settled, that in all cases where the property of individuals is sought to be condemned for the public use by adverse proceedings, the laws which regulate such proceedings must be strictly followed, and especially that every jurisdictional step, and every requirement shaped to guard the rights and interests of parties whose property

is meant to be taken, must be observed with much exactness."

Like others, condemnation statutes must be construed to effectuate their purpose, which at times may control their language. *Detroit International Bridge Co.* v. *American Seed Co.*, 249 Mich. 289. The general terms of the act are important in finding the effect of a particular provision. The construction must be in favor of the landowner.

In the order determining necessity, the highway commissioner is required to fix the compensation which, in his judgment, should be paid to the landowner. All the steps following the determination of necessity are set out in imperative words in the statute. The highway commissioner is required to file the determination and have a certified copy of it recorded in the office of the register of deeds; to pay or tender the compensation to the owner if known and residing in the county in which the land is situated; if the owner is unknown or a nonresident or the tender be not accepted, to deposit the amount with a public treasurer; upon filing the determination and proof of payment or deposit, to give notice to the landowner that he is about to take possession of the property "for the public highway purposes in said determination stated." No time is fixed for any of these acts. Upon the giving of the last-mentioned notice—

"The title, and right of possession to all of the property and property rights described in the determination shall vest in the township, county or State, as the case may be, for the purpose or purposes therein stated, and in case the owners or occupants thereof shall neglect or refuse to remove their fence, fences and other obstructions and encroachments within ten days, the commissioner or com-

missioners shall have full power, and it shall be their duty to enter upon the premises with such aid and assistance as shall be necessary and remove such fence or fences, obstructions or encroachments without delay.'' Section 6.

If the proceedings to determine necessity, to make tender or deposit, and to give notice of taking possession are regular, the taking of the property for public use is complete. The statute gives no authority to commissioner or court to thereafter abandon the condemnation, withdraw the award of compensation made by the highway commissioner, or reinvest the title in the landowner under any circumstances. In the absence of statutory leave, condemnation proceedings cannot be dismissed or abandoned after the landowner's right to compensation has become vested (20 C. J. p. 1079), or after actual possession of the land has been taken (20 C. J. p. 1082). It is the legal duty of the highway commissioner to go on.

There would be good reason for holding that the statutory time of 90 days is mandatory and jurisdictional as to that part of the proceeding necessary to invest title in the State. But once the owner has been legally divested of title and it passes to the State beyond power of return, only the effect of denying compensation to the landowner could follow a construction that the time for filing the petition for compensation is mandatory and jurisdictional. Such effect is inadmissible. It is the duty of the highway commissioner to file the petition for the fixing of compensation within the statutory time. But the right of the owner to compensation cannot be defeated by neglect of the commissioner to seasonably file the petition. The time provided for such filing, aside from its effect upon the proceed-

ings to divest title, establishes a definite date upon which the landowner has the legal right to demand performance of the duty and enforce the performance by mandamus if necessary. In this respect, the provision is mandatory. But where title has been once legally divested, delay in filing the petition for compensation does not avoid the proceedings.

It is further contended that the damages are inadequate. Twenty-two acres out of an 830-acre tract were taken for the highway. There was testimony that the land adjacent to the road would be benefited by it and the rest not damaged. The award was in excess of the values put upon the land by the State witnesses and in excess of the price at which Conway Lumber Company had purchased most of the tract.

The claim of inadequacy rests upon the testimony of officers of Conway Lumber Company and parties with whom they had made a development contract, to the effect that the property was adaptable for a country club and subdivision and the road had depreciated its value for such purposes $115,000. The contract was offered in evidence on the ground that proof of what property had sold for is evidence of its value. *Engel* v. *Tate,* 203 Mich. 679. The contract was not of purchase but of development, provided for the formation of country club and development corporations, the stated purchase price was to be paid out of the proceeds of the sale of club memberships, and the whole was contingent on the sale of a certain number of memberships. The developers made no agreement and incurred no obligation to pay the purchase price except out of the property. They merely agreed to attempt the sale and development. The contract was received

in evidence, read to the court commissioners, and the plan, the effect of the road upon it, and the possibility of modification of the plan on account of the road were discussed in the testimony. Assuming, but not deciding, that such a contract is some evidence of value, it is not conclusive. It was before the commissioners and the record does not show that it did not receive their consideration.

The award was within the range of the testimony and the finding of the commissioners conclusive.

Confirmation of the award is affirmed, with costs.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred with FEAD, J.

WIEST, C. J. (*concurring*). I concur in the opinion of Mr. Justice FEAD, but want it understood that had the disqualification of the State highway commissioner to make determination of a judicial nature, of necessity, after having let contracts for construction, been timely raised, it would, in my opinion, have been fatal. The statute, section 27, Act No. 92, Pub. Acts 1927, however, saves the State from now suffering the serious consequences of this error.

A right-of-way engineer with the State highway department, and engaged in the construction, maintenance, etc., of trunk line roads for nine years, testified:

"*Q.* Can you tell me when the contracts were let?

"*A.* I cannot exactly. I think it was some time in October of 1928, September or October.

"*Q.* In laying out a highway you first run your preliminary surveys?

"*A.* Yes, sir. Usually the next step then is the making of the paper layout of the preliminary line

and an examination of that line on the ground. After the line has been finally determined as to what appears to be the best location, we make the final survey. Then we prepare plans. The next step is the acquiring of the right of way and the awarding of the contract for the construction of the road.

"*Q.* Have you overlooked the fact that there must be a determination of necessity upon the part of the highway commissioner?

"*A.* No, I have not overlooked that. That is not always necessary.

"*Q.* That is always necessary, isn't it?

"*A.* No.

"*Q.* Why is it done then? As a matter of fact, the declaration or the determination on this property was filed by the commissioners in the office of the State highway in the office of the county clerk, December 4, 1928.

"*A.* Yes.

"*Q.* But it bears date December 1, 1928. Before that determination had ever been made, the State commissioners—their contract had been let to proceed with the work, hadn't it?

"*A.* Yes, that is true in a great many cases.

"*Q.* I don't care; you did it in this case, didn't you?

"*A.* Yes."

BUTZEL, CLARK, McDONALD, POTTER, and NORTH, JJ., concurred with WIEST, C. J.