*In re* DILLMAN.

1. EMINENT DOMAIN—CERTIORARI—QUESTIONS REVIEWABLE.
   On certiorari to review award in condemnation proceedings, Supreme Court may consider only such errors as are specified in application for writ.

2. SAME—AWARD OF DAMAGES—TREATING ENTIRE TRACT AS ONE PARCEL.
   Where entire tract of land through which proposed right of way sought to be condemned would diagonally pass was owned by one person, there was no error in commissioners' treating it as one parcel, in awarding damages, although counsel for State had presented map showing it divided into parcels numbered separately.

3. SAME—EVIDENCE—WITNESSES.
   In condemnation proceedings, witnesses who testified to facts showing that they were familiar with value of land in vicinity, were properly allowed to testify as to value of land taken.

4. SAME—EXCESSIVE AWARD.
   That judgment of Supreme Court, if called upon to make awards for lands condemned, might differ from awards of commissioners, is no justification for setting aside said awards.

5. SAME—AWARDS WITHIN RANGE OF EVIDENCE CONCLUSIVE.
   Awards in condemnation proceedings, which are within range of evidence and which were confirmed by probate judge over objection that they were excessive, are conclusive, on review, in absence of claim of fraud or prejudice.

6. SAME—AMENDING RECORD—COURT RULES.
   On certiorari to review award in condemnation proceedings, Supreme Court would not be justified, under Michigan Court Rule No. 79, in vacating order of confirmation and remanding case to probate court with directions to permit additional evidence to be there taken and to permit review of court's action after such evidence shall have been submitted to it, on theory that it is permitting amendment of record under said rule.

Certiorari to Oakland probate court; McGaffey (Dan. A.), J. Submitted October 6, 1931. (Docket

No. 23, Calendar No. 35,353.) Decided January 4, 1932.

Petition by Grover C. Dillman, State highway commissioner, for condemnation of lands of Frank H. Dohany and others for a certain highway project. Plaintiff and Grand Trunk Western Railroad Company filed objections to confirmation of awards. Awards made as to certain parcels are reviewed by plaintiff and railroad company by certiorari. Affirmed.

*Paul W. Voorhies,* Attorney General, and *Hugh E. Lillie,* Assistant Attorney General (*Kit F. Clardy,* of counsel), for plaintiff.

*Frederic T. Harward* and *John J. Gafill,* for Grand Trunk Western Railroad Company.

*Pelton & McGee,* for defendant Frank H. Dohany.

*George A. Porter,* for defendant Charles E. Dohany.

*Harold H. McLean,* for J. Walter Dohany, deceased.

SHARPE, J. Review by certiorari is here sought of awards made to Frank H. Dohany and others by commissioners appointed by the probate court of Oakland county in a proceeding brought by the State highway commissioner to acquire the fee simple title to lands owned by them under the provisions of Act No. 352, Pub. Acts 1925, as amended by Act No. 92, Pub. Acts 1927 (1 Comp. Laws 1929, § 3884 *et seq.*), and also pursuant to the provisions of Act No. 340, Pub. Acts 1927 (1 Comp. Laws 1929, § 4454 *et seq.*), and a contract entered into between the State of Michigan and the Detroit, Grand Haven & Milwaukee Railway Company.

The commissioners first met on September 30, 1929, and, after viewing the premises and hearing the proofs submitted, awarded to Frank H. Dohany and a number of others who owned the land jointly with him, for what is referred to as parcel 6, the sum of $36,372; to Charles E. Dohany, for parcel 5, the sum of $33,468, and to Frank H. Dohany personally, for what are referred to as parcels 1, 2, and 4, the sum of $68,631. The amount of land actually taken in parcel 6 was 6.46 acres; in parcel 5, 4.834 acres, and in parcels 1, 2 and 4, 7.25 acres.

Objections to the confirmation of the awards were filed by both the State and the railway company, and a motion was also made by them to refer back the cause to the commissioners for the taking of additional and further testimony. This motion was denied, the objections overruled, and an order entered confirming the awards as made.

The relief here sought is by certiorari. We may consider only such errors as are specified in the application for the writ. *In re Detroit & Windsor Ferry Co.*, 227 Mich. 143. No claim is therein made that the commissioners were guilty of partiality, bias, prejudice, unfaithfulness, fraud, or misconduct, or that they acted under undue influence.

In the petition for condemnation filed by the State highway commissioner, he stated that the taking of a certain strip of land, describing it, was necessary for the improvement project. Frank H. Dohany owned a tract of 73 acres, through which the proposed right of way would diagonally pass. When examining his first witness on the question of damages, counsel for the State highway commissioner produced a map showing the lands through which the right of way would pass, and then said:

"Let us number those. By the way, I have a number on each parcel that is shown of the Dohany

property there, so that we can save a lot of time. If it is agreeable to counsel, we will number the 30-acre Frank Dohany parcel as No. 1; the 20.39 acres immediately adjoining it as No. 2; and in order to have all of the Dohanys numbered let us number the corner one No. 3. No. 4 will be the piece marked Mary Dohany, which I believe belongs to you. No. 5 will be the Charles Dohany parcel here involved. No. 6 is the trust property immediately south of the Charles Dohany property.''

He then proceeded to question the witness and others produced by him as to the value of the land taken and the decreased value of the parcels as indicated by such numbers. It is now urged that parcel No. 2, as indicated on the map, did not adjoin the proposed right of way, and that the commissioners erred in not treating parcels 1, 2, and 4 as separate parcels. It is conceded that Frank Dohany owned the entire 73-acre tract, and the action of counsel in putting the map in evidence and questioning the witnesses as to the several parcels shown thereon in no way affected Dohany's right to offer proof and have consideration by the commissioners of the depreciation in value of the entire tract. In making their award the commissioners treated parcels 1, 2, and 4 as one parcel. We find no error in their action in this respect.

The testimony offered by the landowners as to the value of the strip taken from each of them for the right of way and the depreciation in value of the land adjoining thereto was admitted over the objection of counsel for the State highway commissioner that the witnesses were not qualified to testify. There were eight such witnesses. Among them was Frank J. Asam. He testified that he was a licensed real estate broker and had been in that busi-

ness in Detroit and vicinity since 1912; that he was experienced in the purchasing of acreage and subdividing it, both for himself and for others, in Detroit and the adjoining townships, including the township of Royal Oak, in Oakland county, which adjoins the township of Troy, in which these lands are situate, and in the village of Birmingham, which almost touches it on the west; that he was familiar with the lands in question, and had knowledge of the recent sales of acreage in the sections of which they form a part.

John Grant, the assessor and a supervisor residing in the village of Pleasant Ridge, within a few miles of these lands, testified that he had been in the real estate business for 20 years; that he had bought and sold lands in the adjoining township of Royal Oak, and was familiar with the acreage values of the lands in the township of Troy. The other six witnesses qualified in a similar manner. This testimony was clearly competent. *McCormick* v. *Bradbury,* 187 Mich. 512; *Gitson* v. *Yale Land Co.,* 212 Mich. 292; *Tatro* v. *Baker-Fisk-Hugill Co.,* 215 Mich. 623; *Commission of Conservation* v. *Hane,* 248 Mich. 473. Their estimates of the decreased value of the residue of each parcel are largely in excess of that awarded by the commissioners.

Counsel insist that the awards are excessive. The rule as to compensation in a similar proceeding brought to acquire land under this same act is thus stated:

"It is the rule that where the whole of land is taken, the compensation to be made is the fair value of the land. Where only part of a parcel is taken, just compensation is not measured by proportionate acreage but by the amount to which the value of the property from which it is taken is diminished.

*Grand Rapids, etc., R. Co.* v. *Heisel,* 47 Mich. 393.
The value of the part actually taken is allowed as
direct compensation; but the decreased value of the
residue of the parcel, on account of the use made of
the land taken, is also allowable as compensation
even though it is strictly consequential damage in
nature. *Sharp* v. *United States,* 191 U. S. 341 (24
Sup. Ct. 114); 2 Nichols on Eminent Domain (2d
Ed.), § 236." *Johnstone* v. *Railway Co.,* 245 Mich.
65, 81 (67 A. L. R. 373).

It appears that these parcels include the only lands
through which the right of way passes between
Royal Oak and Birmingham which have not been
subdivided into lots with restrictions on their use.
It was for this reason that the width of the right of
way through them was extended to 300 feet in order
to afford extra space for siding and other uses. It
passes through at an elevation of from 8 to 17 feet.

That our judgments, were we called upon to make
the awards, might differ from those made is no
justification for setting them aside. The commis-
sioners were residents of the county in which the
lands are situate. They personally visited the prop-
erty, and had an opportunity of judging the extent to
which the building and operation of the railroad
would be likely to affect the adjoining property. The
probate judge who appointed them, and thus
vouched for their competency and integrity, con-
firmed the awards over the objection that they were
excessive. They were within the range of the evi-
dence, and, under the facts here presented, must be
held to be conclusive. *Commission of Conservation*
v. *Hane, supra; In re State Highway Commissioner,*
252 Mich. 116.

The order of confirmation was entered on Septem-
ber 18, 1930. The printed record was filed in this
court on July 25, 1931, and it was argued and sub-

mitted on October 6th. The day before its submission, counsel for the railroad company filed a motion to amend the record "by adding thereto additional reasons why the award filed by the court commissioners should not be confirmed by the lower court and also as a reason for the issuance of writ of certiorari."

1. Because the award to Frank H. Dohany included a sum for total depreciation of a parcel of 2.91 acres of his tract cut off from the rest by the right of way, whereas there was no testimony in support thereof.

2. Because the award to Charles E. Dohany included a sum for total depreciation of 0.812 acre, and there was no testimony to support such allowance.

This motion was supported by the affidavits of John F. Gafill, assistant general attorney for the railroad company, and Kit F. Clardy, at that time an assistant attorney general, who had charge of the proceedings on the part of the State. Mr. Gafill deposed that he first learned of such action on the part of the commissioners about September 1, 1931, while Mr. Clardy stated in his affidavit that he was shown the computations made by the commissioners before the hearing on confirmation, and that he then urged such action on their part as a reason for the denial thereof and remand for further proof. In this latter statement, it clearly appears that he is mistaken. A full transcript of the proceedings on the objections to confirmation was made by the stenographer of the probate court, and is annexed to her affidavit filed in opposition to the motion.

As before stated, the review here sought is by certiorari. A question not raised in the application for the writ may not be considered. *In re Detroit &*

*Windsor Ferry Co., supra,* and authorities there cited.

Counsel urge that, under Michigan Court Rule No. 79, this court may "permit the transcript or record to be amended by correcting errors or adding matters which should have been included." It is not here sought to correct any error in the record before us, or to add any matter which is of record in the probate court and not included therein. It does not appear that the computations by which the commissioners arrived at the several amounts awarded are on file in the probate court. What is sought is the vacation of the order of confirmation and remand to the probate court, with directions to permit additional evidence to be there taken and to permit review by this court of the action of that court taken after such evidence shall have been submitted to it. We find no statute or rule justifying such action on our part in a certiorari proceeding.

The motion is denied. The order confirming the awards is affirmed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.