This is an appeal in the nature of certiorari to review an order of the probate court for the county of Oakland confirming an award by commissioners in an eminent domain proceeding.
Widening of a State highway necessitated removal and relocation of a railroad track. The State undertook the removal and relocation and, to such end, employed the power of eminent domain. See Fitzsimons Galvin, Inc., v. Rogers, 243 Mich. 649; Johnstone v. Railway Co., 245 Mich. 65 (67 A.L.R. 373);In re Dillman, 256 Mich. 654.
The relocation traversed restricted subdivisions upon which the Detroit Trust Company held a mortgage. The owner (mortgagor) deeded the right of way through the subdivisions and the mortgagee released the land, so deeded, from the mortgage.
That release stated:
This indenture, made this _____ day of _____ in the year one thousand nine hundred and —.
"Between Detroit Trust Company, trustee, a corporation organized and existing under the laws of the State of Michigan, of Detroit, Michigan, party of the first part, and F. W. Clawson Land Company, party of the second part, witnesseth:
"Whereas, F. W. Clawson Land Company by indenture of mortgage, bearing date the 1st day of November, 1927, for the consideration therein mentioned, and to secure the payment of the money therein specified, did convey certain lands and tenements, of which the lands hereinafter described are part, unto Detroit Trust Company, trustee, which said mortgage was recorded in the register's office, for the county of Oakland and State of Michigan, in liber 503 of mortgages, on pages 501-541 inclusive.
"And whereas, the said party of the first part, at the request of the said party of the second part, has agreed to give up and surrender the lands hereinafter described, unto the said party of the second *Page 526 
part, and to hold and retain the residue of the mortgaged lands as security for the money remaining due on said mortgage;
"Now this indenture witnesseth, that the said party of the first part, in pursuance of the said agreement, and in consideration of $1.00, to it duly paid at the time of ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, released, quitclaimed and set over, and by these presents does grant, release, quitclaim and set over, unto the said party of the second part, all that part of the said mortgaged lands situate, and being in the city of Royal Oak, county of Oakland and State of Michigan, known and described as follows:
"(Description of property inserted here)
"Together with the hereditaments and appurtenances thereunto belonging, and all the right, title and interest of the said party of the first part, of, in and to the same, to the intent that the lands hereby conveyed may be discharged from the said mortgage, and that the rest of the lands in the said mortgage specified may remain to the said party of the first part.
"To have and to hold the lands and premises hereby released and conveyed, to the said party of the second part, its successors, and assigns, to its or their only proper use, benefit and behoof, forever, free, clear, and discharged of and from all lien and claim, under and by virtue of the indenture of mortgage aforesaid."
Thereafter the mortgagee claimed and was awarded compensation for consequential lessening of the security of the land not taken by reason of injury to the reciprocal negative easement.
The deed by the mortgagor, before mentioned, and release by the mortgagee brought injury to the restrictive easement upon the land not taken, and *Page 527 
the question arises whether the mortgagee, having joined in creating the cause, can now claim compensation for consequent injury.
The time and place for such claim, if any, preceded the release. The State could not take the land under the power of eminent domain and have release of the mortgage thereon without indemnifying the mortgagee for consequent loss of security, but an unqualified release of the land taken could not be followed by a claim for such compensation. The unconditional release estops the mortgagee from now claiming consequential injury to the mortgage security.
The award is vacated, with costs.
NORTH, C.J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.