MARJANIEMI v. STATE HIGHWAY COMMISSIONER.

1. Eminent Domain—Highways—Reinvestment of Title in Property Owner.

The State highway commissioner and a property owner from whom land was taken for highway purposes by condemnation proceedings may reinvest title to the property in the latter by mutual agreement (CL 1948, § 213.94).

2. Same—Easement for Highways—Relinquishment.

Once a right in property, taken for highway purposes by condemnation proceedings, has been reinvested in the property owners from whom it was taken by the acceptance and recording of relinquishment of the easement, they defeat any right to have the condemnation proceedings pursued or to invoke any further proceedings looking toward fixing of compensation or payment thereof (CL 1948, § 213.171 et seq.).

Mandamus by Seeli Marjaniemi and Helen Marjaniemi against Charles M. Ziegler, State Highway Commissioner, to compel appointment of commissioners to establish value of easement, originally determined as necessary for highway purposes but subsequently relinquished. Case referred to Marquette; Jackson (Glenn W.), J., for taking of testimony and recommendation. Submitted November 5, 1957. (Calendar No. 46,816.) Writ denied March 6, 1958. Rehearing denied April 14, 1958.

References for Points in Headnotes
[1] 18 Am Jur, Eminent Domain §§ 124, 125.
[1, 2] 17A Am Jur, Easements § 160.

*Seeli Marjaniemi* and *Helen Marjaniemi, in propriis personis.*

*Thomas M. Kavanagh,* Attorney General, *Samuel J. Torina,* Solicitor General, *Victor H. Meier,* Assistant Attorney General, for defendant.

DETHMERS, C. J.   This case involves action taken in 1952 by the State highway commissioner under PA 1925, No 352, as amended (CL 1948, § 213.171 *et seq.* [Stat Ann and Stat Ann 1955 Cum Supp § 8.171 *et seq.*]), to acquire an easement for highway purposes in 17 feet of plaintiffs' property adjoining an existing highway.   On February 14, 1952, the determination of necessity by the highway commissioner, provided for in section 4 of the act, was recorded.   On April 2, 1952, a petition was filed under section 7 of the act for appointment of 3 court commissioners to determine just compensation.   Apparently because the court was advised of an impending settlement the matter never went to hearing before 3 court commissioners.   On July 21, 1952, the highway commissioner executed a relinquishment of the easement, it was delivered to plaintiffs and they, or one of them, had it recorded in the office of the register of deeds on August 12, 1952.

This is mandamus brought by plaintiffs in this Court on December 15, 1955, to compel the State highway commissioner to petition the circuit court again for appointment of 3 court commissioners to determine just compensation for taking the easement in said property.

Plaintiffs rely on the decisions in *In re State Highway Commissioner,* 252 Mich 116, 125; and *In the Matter of the Petition of Dillman,* 276 Mich 252, 256, and our quotation in the latter from the former, reading as follows:

" 'If the proceedings to determine necessity, to make tender or deposit, and to give notice of taking possession are regular, the taking of the property for public use is complete. The statute gives no authority to commissioner or court to thereafter abandon the condemnation, withdraw the award of compensation made by the highway commissioner, or reinvest the title in the landowner under any circumstances. In the absence of statutory leave, condemnation proceedings cannot be dismissed or abandoned after the landowner's right to compensation has become vested (20 CJ, p 1079), or after actual possession of the land has been taken (20 CJ, p 1082). It is the legal duty of the highway commissioner to go on.' "

In neither of these cases did the highway commissioner attempt or desire to abandon the condemnation or to reinvest title in the landowner. Involved, rather, was the necessity for determining when the taking of property under the above statute is to be deemed, as a matter of law, to be complete, because that was decisive of some of the rights therein asserted. Applied to the case at bar, decisions in these cases mean no more and the quoted language goes no further than to say that the highway commissioner cannot, through unilateral action and without consent of the landowner, abandon the condemnation or reinvest title in the latter after the time when the taking is complete. This has no bearing on the right or authority of the commissioner and landowner to achieve such end by mutual agreement. Section 24 of the act in question* leaves no doubt of the commissioner's authority to convey property acquired under this act which he no longer needs on whatever terms he may deem proper. Here the commissioner, by execution and delivery of the

---

* CL 1948, § 213.194 (Stat Ann 1955 Rev § 8.195).—Reporter.

relinquishment to plaintiffs, reconveyed all right, title and interest in the land to them. They cannot have their cake and eat it too. By accepting and recording the relinquishment, they took back the property. It no longer belongs to the State or highway department, but to plaintiffs. In so doing, they defeated any right to have the condemnation proceedings pursued further by the commissioner or to demand that he petition for appointment of court commissioners or invoke any further proceedings looking toward fixing of compensation or payment to plaintiffs for land, title to which, through their own voluntary action, has become reinvested in them.

Writ denied. Costs to defendant.

CARR, KELLY, SMITH, BLACK, and EDWARDS, JJ., concurred.

VOELKER and KAVANAGH, JJ., took no part in the decision of this case.