14275

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT v. BOBOTES *ET AL.*

(185 S. E., 165)

January, 1935.

184

190

192

194

200

*Messrs. Price & Poag,* for appellants,

*Messrs. W. B. McGowan* and *D. A. Holt,* for respondent,

April 8, 1936.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case comes to this Court on appeal from an order of his Honor, Judge G. Dewey Oxner, under which order his Honor permitted the South Carolina State Highway Department to abandon the condemnation proceedings instituted in the case. The history of the case, as set forth in the record, may be stated, in substance, as follows:

On August 3, 1934, the South Carolina State Highway Department, acting through its right of way engineer, served notice of condemnation proceedings upon the appellants. It appears that this notice was in the usual form and

to the effect that the highway department required right of way through and over the property of the appellants, located in the Town of West Greenville, Greenville County, said State, and that the notice referred to described the dimensions of the right of way intended to be taken. It further appears that the description in question covered the entire lot and building of the appellants, "fronting 51.3 feet on Pendleton Street, the highway which was being constructed and improved; 24.1 feet on Woodside Avenue, and 24.95 feet on Lois Street, with a rear line of 55.6 feet." It was further stated in the notice served that a public hearing would be held on the matter involved in the town hall of West Greenville, at 3 o'clock p. m., August 15, 1934, for the purpose of ascertaining the appellants' damages. Pursuant to said notice, a hearing was had on the matter on the said date and evidence introduced thereon, after which arguments were made by counsel. In this connection it may be stated that the board of condemnation was composed of E. S. Booth, E. L. Culler, and C. O. Hearon, members of the South Carolina Highway Commission, and this commission, after said hearing, awarded damages to the appellants in the sum of $6,000.00. Not being satisfied with the award by said board, appellants, on August 20, 1934, through their counsel, served notice of intention to appeal to the Court of Common Pleas for Greenville County, and in said notice stated the grounds of such appeal, and further stated therein that the appellants would ask the Court for damages in the sum of not less than $18,000.00. On the same date, August 20, 1934, the appeal was docketed by the Clerk of said Court on Calendar No. 1, as case No. 308½, for September, 1934, term. Thereafter, September 5, 1934, the attorneys for the appellants received a voucher from the highway department for the sum of $6,000.00, payable to the appellants, which voucher was refused · and promptly returned to the highway department. Mr. Black, acting for the department, duly acknowledged receipt of the voucher so returned and stated, in effect, that he had deposited the

voucher with the State Treasurer in accordance with the statutes, and the voucher was so deposited and earmarked, "George B. Bobotes Case." Following this, October 5, 1934, the case came on for trial in said Court before his Honor, Judge William H. Grimball, and a jury. In this connection it is well to state that pursuant to notice counsel for the highway department made a motion to strike from the appeal papers any reference to the award of $6,000.00. This motion was granted by the trial Judge. The record further shows that the trial of the case in said Court consumed two days, and on October 16, 1934, the jury returned the following verdict:

"We, the jury, find that the actual value of the property in question at the time of the taking was eleven thousand eight hundred fifty dollars, and we find a verdict therefore for this amount against South Carolina State Highway Department. "[Signed]   W. D. HARRIS, Foreman."

The record further discloses that the highway department made a motion for a new trial *nisi*, upon the ground that the verdict was excessive. Upon due consideration, his Honor, Judge Grimball, on October 19, 1934, filed a written order overruling this motion, and on October 22, 1934, attorneys for the highway department served due notice of intention to appeal to the Supreme Court. December 6, 1934, the appellants entered judgment against the South Carolina State Highway Department for the sum of $11,850.00. This judgment, as the record discloses, is shown as Judgment Roll E–4651 in the said office of the Clerk of Court for Greenville County. December 19, 1934, counsel for the State Highway Department served upon counsel for appellants a petition, wherein the department asked permission of the Court to abandon the said condemnation proceeding, and attached to the said petition a notice to the effect that on December 24, 1934, counsel would appear before his Honor, Judge Oxner, and ask for an order permitting and authorizing the said abandonment, and on the same date at-

torneys for appellants served notice that at the same time they would ask the Court for an order dismissing respondent's appeal to the Supreme Court, upon the ground that the same had not been perfected. This latter motion was granted by an order signed by his Honor, Judge Oxner, dated January 23, 1935. The record further discloses that the defendants, in due time, served an answer to the petition, setting forth the facts and denying the right of the highway department to abandon the said proceeding. It further appears from the record that there being some dispute as to the facts under the issues raised by the pleadings, his Honor, Judge Oxner, issued an order referring the matter to P. N. Becton, Esq., as Special Master, to take the testimony and report the same to the Court. Thereafter, after references were held before the Special Master, the case was argued before his Honor, Judge Oxner, May 11, 1935, and on June 10, 1935, Judge Oxner filed an order in which he granted the petition and held in said order that the South Carolina State Highway Department was entitled to abandon the said condemnation proceeding. As stated the case is before this Court on appeal from the said order of his Honor, Judge Oxner, and it is agreed by counsel that the sole issue under the pleadings and testimony is whether or not the highway department had the right to abandon the said condemnation proceeding at the particular time under the facts and circumstances of the case.

The order of his Honor, Judge G. Dewey Oxner, dated June 8, 1935, which order will be incorporated in the report of the case, is satisfactory to this Court. The exceptions are overruled, and it is therefore the judgment of this Court that the said order, and the judgment thereon, be and the same is hereby affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.