The following is the memorandum opinion of the Court of Claims: THE FEDERAL LAND BANK OF SPRINGFIELD, Claimant, v. THE STATE OF NEW YORK, Defendant. (Claim No. 24960.)—RYAN, J. On November 24, 1931, pursuant to chapter 147 of the Laws of 1903, as amended, the State of New York permanently appropriated lands of one Van Wagoner and wife. This claimant then held a mortgage upon the Van Wagoner lands including the portion appropriated. This mortgage was subsequently foreclosed and on September 10, 1936, order of confirmation was entered. The referee's report showed a deficiency due this claimant in the amount of $5,627.85. This claim was filed September 3, 1937. It is the claimant's contention that its claim did not accrue until the entry of the order confirming referee's report of sale in foreclosure. Claimant relies on *Hovey* v. *Elliott* (118 N. Y. 124). The appropriation took place when the notice and map were served upon the Van Wagoners. (*Buffalo Valley Realty Co.* v. *State of New York*, 273 N. Y. 319.) The claim for the appropriation accrued then. The claim should have been filed within two years from November 24, 1931. Otherwise this court has no jurisdiction to hear and determine it. (Ct. Claims Act, §§ 12, 15, as they read in 1931; now amd. by Laws of 1936, chap. 775, but reciting same limitation.) This court is of limited jurisdiction and does not possess equity powers. We think we are without power to determine the amount of damages and make an award to claimant. Its remedy lies with the Legislature. Barrett, P. J., concurs. Dated, March 21, 1938. [Affd., *ante*, p. 936.]