**UNITED STATES v. SUNSET CEME- TERY CO.**

No. 7885.

Circuit Court of Appeals, Seventh Circuit.

Dec. 5, 1942.

Rehearing Denied Jan. 30, 1943.

As Amended March 2, 1943.

Herbert Becker and George S. Freudenthal, Jr., both of Chicago, Ill., for appellant.

Norman M. Littell, Vernon L. Wilkinson, and John F. Cotter, Asst. Attys. Gen., for appellee.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Sunset Cemetery Company, defendant in a proceeding brought by the United States to condemn certain land in Cook County, Illinois, appeals from an order dismissing it as a party.

The tract with which we are concerned was owned in fee simple by Curtiss-Wright Corporation, subject, however, to (1) certain easements for highway purposes and (2) an easement in defendant under which it had the right to lay and maintain sewers across the land, thereby draining its adjoining cemetery. These facts were set forth in the petition for condemnation, the prayer of which was that the title "in fee simple absolute, subject only to outstanding easements for highway purposes" and "free from any claims of persons or person or corporation or body politic whomsoever," be vested in the United States. Contemporaneously with the filing of the petition, the Government filed a declaration of taking, as authorized by the act of Congress, U.S.C.A. Title 40, Section 258a, declaring that the estate taken "is in fee simple absolute, subject to outstanding permanent easements for highway pur-

164

poses." Thereupon the court entered judgment, vesting title in the United States in fee simple subject only to easements for highway purposes.

Shortly later, defendant filed its cross-petition, setting up ownership of the drainage easement, averring damage to the cemetery as a result of the taking of the easement and praying that it might be allowed compensation and damages. Still later the court entered judgment determining the rights and interests of all defendants finding that Curtiss-Wright owned the tract subject to certain easements, including that of defendant, and that defendant was the owner of the easement referred to.

Some seven months after filing the declaration of taking, the Government made a motion for leave to amend its declaration so as to exclude defendant's easement. The court overruled the latter's objection and granted leave to the Government to amend as prayed. Thereupon an amendment to the declaration of taking was filed, excluding defendant's easement from the property taken. The court denied defendant's motion to vacate the order and dismissed it from the proceeding. The Government then filed an amendment to the condemnation petition excluding defendant's easement from the prayer.

Defendant insists that, upon filing the declaration of taking, the Government was immediately vested, by virtue of the statute, with title to its easement; that the title thus acquired can not be taken from the Government except by its own authorized alienation; that the court was without authority to permit the amendment to the declaration of taking so as to exclude anything already seized and that by the original declaration both the Government's and defendant's rights were fixed and could not thereafter be modified or altered. The Government agrees that title vested in the Government by virtue of the declaration and that the title thus acquired can not be destroyed by an amendment to the declaration excluding claim to anything taken, but it insists that, properly construed, the declaration did not include defendant's easement.

Upon the filing of the declaration of taking, title to the lands in fee simple vests in the United States and the right to just compensation for the same in the persons entitled thereto, to be ascertained by the court in accord with their respective interests, Section 258a, and that action irrevoc-ably commits the United States to payment of the ultimate award. Section 258c and Section 258e.

Constitutionality of the act is upheld upon the reasoning that title to the land vests in the Government and the right to just compensation for what is taken in the persons entitled thereto. Clearly under provisions of the statute, condemnation is effected and title completely vested in the Government by the mere filing of a declaration of taking and a judgment adjudging title in the United States is wholly unnecessary. Such is the statutory mandate. It follows that from and after the vesting of title, the Government can be divested only by virtue of appropriate congressional authorization and not by an amended taking. United States v. 16,572 Acres of Land et al., D.C., 45 F.Supp. 23. Consequently the proceeding may not be subsequently abandoned so as to deprive the owner whose property has been taken of his constitutional right to have the damages assessed and paid in money. United States v. 16,572 Acres of Land et al., D.C., 45 F.Supp. 23; South Carolina State Highway Dept. v. Bobotes, 180 S.C. 183, 185 S.E. 165, 121 A.L.R. 12, 17, 24; United States F. & G. Co. v. City of Asheville, 4 Cir., 85 F.2d 966; Buffalo Valley Realty Co. v. State, 273 N.Y. 319, 7 N.E.2d 247; Goodman v. City of Bethlehem, 1936, 323 Pa. 58, 185 A. 719; Kahlen v. State, 1918, 223 N.Y. 383, 119 N.E. 883; In re City of Syracuse, 1918, 224 N.Y. 201, 120 N.E. 203; In re State Highway Commissioner, 252 Mich. 116, 233 N.W. 172, 175, 176; Nichols, Law of Eminent Domain, (2nd Ed.) Vol. II, par. 417, 436.

But the Government insists that the easement was never taken and that, hence, the Government acquired no title thereto and defendant no right to compensation and that the latter was, therefore, properly dismissed out of the proceeding. Obviously whether this contention is correct must be determined from an examination of the declaration, which provided for the taking of title to the tract "in fee simple absolute subject only to outstanding permanent easements for highway purposes." In other words the fee simple title taken was expressly subject to certain specific easements but clear of all other incumbrances. "Expressio unius est exclusio alterius."

A "fee simple absolute" includes the whole title. It embraces any and all

estates that may be carved therefrom or are included therein. It is the most extensive interest which one may possess in landed property, an absolute estate in perpetuity. Frink v. Darst, 14 Ill. 304, 308, 58 Am.Dec. 575; 31 Corpus Juris Secundum, Estates, § 8, p. 19. Consequently when the Government took the fee simple title subject only to highway easements, it took all the lesser estates, including defendant's easement, and, upon the taking, the money paid or to be paid into the court became the property of the owners of the respective interests in the tract. Under the statute "the right to compensation * * * shall vest in persons entitled thereto." Defendant's easement, being a part of that which was taken by the Government, passed to the Government and defendant's right to compensation therefor became vested. Thereafter the court had only jurisdiction to determine what was just compensation for the tract, how much of it should pass to the owner, subject to lesser estates therein, and how much to the holder of the lesser estates. Consequently it was error for the court to permit the amendment of the declaration by excluding something already taken and to dismiss defendant from a proceeding where it had been rightfully summoned and where it could enforce the right to compensation vested in it by the act of Congress.

The judgment is reversed with direction to proceed in accord with the announcements herein.