UNITED STATES v. 5,901.77 ACRES OF LAND IN MARIN COUNTY, CAL., et al.

No. 24927.

District Court, N. D. California, S. D.
March 6, 1946.

M. Mitchell Bourquin, Sp. Asst. to Atty. Gen., for plaintiff.

Heller, Ehrman, White & McAuliffe, of San Francisco, Cal., for defendant Frank Howard Allen.

GOODMAN, District Judge.

The defendant Allen, owner of certain of the condemned parcels opposes the motion of the United States to amend its complaint to reduce the estate it seeks to acquire, from a fee simple title to a temporary use and occupancy. His opposition is based upon the ground that the plaintiff took possession of the premises pending the proceedings and used them in such manner as to materially reduce their value, and that such possession and use is equivalent to a taking of the fee. However, neither local nor federal law supports the defendant's position that such activities amount to a taking of the whole fee, or to such a commitment to its (the fee) taking as to preclude the condemnor from seeking the acquisition of a lesser estate in the property and the abandonment of the proceedings as to the remainder. People v. Superior Court, 47 Cal.App.2d 393, 118 P.2d 47, 120 P.2d 655; Moody v. Wickard, 78 U.S.App.D.C. 80, 136 F.2d 801; Commercial Station Post Office v. United States, 8 Cir., 48 F.2d 183.

While generally the right of abandonment remains in the condemnor until final vesting of title by the payment of the award, or at some earlier date fixed by statute, that right is lost as to any interest actually taken by appropriation and user (Danforth v. U. S. 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240); as to such actual taking, the defendant has a vested right to an award of just compensation therefor in the condemnation proceeding (United States v. 60,000 Square Feet of Land and Eight Story Hotel thereon known as Oakland Hotel, D.C., 53 F.Supp. 767). It appears here that use and occupancy and the right to make substantial changes in the physical characteristics of the lands occupied have been taken and exercised.

**456**

The proposed amendment is to conform to the taking in actuality. The amendment is consistent with the plaintiff's right of abandonment as to any estate not yet taken, and is likewise consistent with the defendant's right to compensation herein for the taking which has already occurred. Just compensation should include, in addition to the rental value of the use and occupancy of the lands, the damage, if any, occasioned to their value as a result of the uses to which they were put by the plaintiff. United States v. 60,000 Square Feet of Land and Eight-Story Hotel thereon, Known as Oakland Hotel, supra. United States v. General Motors Corp. 323 U.S. 373, 65 S.Ct. 357, 156 A.L.R. 390.

It is therefore ordered:

1. That the plaintiff's motion to file an amendment to the complaint seeking to condemn a temporary estate in the property of the defendant, in lieu of the fee simple title, is Granted;

2. That the award to be rendered herein shall include compensation to the defendant for any damage occasioned to his property by reason of the uses made thereof by the plaintiff while in possession, such compensation to be determined on the basis of the amount by which the market value of his property may have been diminished as a result of such uses.