OPINION. Abundell, Judge: The principal question is whether the gain on the condemnation sale of land to the Government by the petitioner Pauline E. King in her individual capacity is taxable to the petitioner corporation. This land, known as section 1-A of the Armstrong Tract, was distributed to Pauline as sole stockholder in the complete liquidation of the petitioner corporation. The basic issue has been considered in numerous cases, particularly Commissioner v. Court Holding Co., 324 U. S. 331, and United States v. Cumberland Public Service Co., 338 U. S. 451; see Steubenville Bridge Co., 11 T. C. 789. In the Court Holding Co. case, 2 T. C. 531, we found that the sale had been made and the gains realized by the corporation but, as explained by the Supreme Court in referring to our decision, “There the corporation had negotiated for the sale of its assets and had reached an ora], agreement of sale” and also “One thousand dollars already paid to the corporation was applied as part payment of the purchase price.” United States v. Cumberland Public Service Co., supra, at pp. 453-454. There are no similar circumstances in the case before us now. The Commissioner relies on the authorization given by the board of directors of the petitioner corporation which provided that the secretary “continue negotiations with the Navy re condemnation of the Armstrong Tract.” But regardless of this authorization it is clear from the record, considered in its entirety, that the petitioner corporation did not enter into a contract of sale either oral or written, or any other agreement for the private sale of section 1-A to the Government. In fact, instead of acquiring the land by private sale as authorized by 50 U. S. C. A., section 171, the Government resorted to condemnation and filed a petition for the condemnation of section 1-A on March 9,1945, Furthermore, the fact that the proceeding for the condemnation of section l-A began March 9,1945, which was a few months prior to the dissolution and liquidation of the petitioner corporation, does not warrant the conclusion that the sale by Pauline should be attributed to the petitioner corporation. The filing of the petition, together with the motion and order granting immediate possession, was but a preliminary step in a proceeding which, as explained in detail in our findings of fact, was not terminated until more than one year later. This step was not the result of any preliminary agreement; it represented no offer, no acceptance or any settlement as to terms. In fact, the petitioner corporation was not named as a defendant in the condemnation proceeding except insofar as it was included in the general reference to “all other * * * corporations, either known or unknown, who claim to have or own any right, title or interest of any character whatever in said land,” which was placed in the petition after the listing of specifically named defendants. Furthermore, no one having an interest in section l-A was specifically named as a party or served with any pleadings until December 14, 1945, which date was more than 9 months after the petition was filed and more than 5 months after section l-A was conveyed to the petitioner, Pauline E. King. On that date the petitioner Pauline E. King and her husband were named defendants. The petitioner corporation was never named a party defendant in the proceeding. Nor did this preliminary step in the condemnation proceeding commit the United States to purchase the property. The final disposition remained uncertain and title did not pass prior to December 14,1945, at which time the declaration of taking was filed and the sum of $25,000 was deposited as compensation for the taking, Catlin v. United States, 324 U. S. 229; Moody v. Wickard, 136 F. 2d 801; United States v. Sunset Cemetery Co., 132 F. 2d 163; Hanson Co. v. United States, 261 U. S. 581. Until that time the United States could have abandoned or discontinued the condemnation proceeding, Danforth v. United States, 308 U. S. 271; Moody v. Wickard, supra; Kanakanui v. United States, 244 F. 923; Revised Laws of Hawaii, 1945, Title I, chapter 8, section 318; 30 C. J. S., Eminent Domain, section 335, or could have amended its petition by reducing the estate it sought from a fee simple title to a temporary use and occupancy even though it had gone into possession. United States v. 5,901.77 Acres of Land, 65 F. Supp. 454. For these reasons, we are of the view that there were no continued negotiations culminating in a substantial agreement that was deferred until a later date, or any other circumstances from which we may conclude that the sale made by the petitioner Pauline E. King should be attributed to the petitioner corporation. Cf. Commissioner v. Falcon Co., 127 F. 2d 277, affirming 41 B. T. A. 1128; Amos L. Beaty & Co., 14 T. C. 52; United States v. Cumberland Public Service Co., supra. It is not necessary that we decide the alternative issues since the petitioners agree'd to abandon them if it were found that the 12.604 acres in section 1-A were sold by Pauline E. King rather than the petitioner corporation. The parties have stipulated that the petitioner corporation incurred operating expenses in the amount of $176 in the calendar year 1948 and realized no income in that year. Respondent has raised no argument in opposition to the petitioner’s contention that this sum should be deducted from the petitioner corporation’s gross income for the calendar year 1946 as a net operating loss carry-back. The petitioner corporation is entitled to this deduction in the amount of $176. Section 122 (b) (1), Internal Revenue Code. Decisions will be entered under Buie 50.