■ In the Matter of the COUNTY OF NASSAU, Respondent, Relative to Acquiring Title to Real Property on Denton Avenue from Jericho Turnpike to Hillside Ave., and Other Streets. GULF OIL CORPORATION, Appellant.—▬

▉ As to damage parcel No. 48 S. E., in our opinion it was error to deny compensation for the taking of the "slope and fill easement" and for the consequential damages resulting from such taking. Title to that easement vested in the county upon entry of the order of June 6, 1955. That order was not appealed or vacated, and it is still a binding adjudication. Even if such order were not a binding adjudication, we see no invalidity in the taking which would have defeated the vesting of title to the easement in the county. The extent of a taking is measured by the language used and the need to be supplied (*Mott* v. *Eno*, 181 N. Y. 346; *Syracuse Grade Crossing Comm.* v. *Wellin Oil Co.*, 268 App. Div. 627, affd. 295 N. Y. 738). Here, the damage map and petition for condemnation show that the slope and fill easement (in D.P. No. 48 S. E.) was taken for use in connection with the "alteration of alignment" of Denton Avenue. Absent a specified height dimension, we believe that the easement is nevertheless valid and permits the grading or filling of the servient land to a reasonable depth or height with relation to the present grade of Denton Avenue and the purpose of the grading or filling — i.e., "to support, or prevent obstruction of, a highway or

bridge or part or drains or sewers or other public improvement abutting such easement" (see Nassau County Administrative Code, § 11-6.0; cf. *Syracuse Grade Crossing Comm.* v. *Wellin Oil Co., supra*). Title having vested, the county unilaterally could not thereafter release the easement to the claimant, over its objection, so as to defeat its existing claim for compensation for the taking (*Buffalo Val. Realty Co.* v. *State of New York*, 273 N. Y. 319, 323; *Matter of City of Syracuse*, 224 N. Y. 201). Hence, for damage parcel No. 48 S. E., the claimant is entitled to compensation for the direct and consequential damages resulting from the taking of this easement. As to damage parcel No. 48, in our opinion the award therefor was adequate and should not be disturbed. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.