Charles M. Hughes, J.
The defendant State of New York (hereinafter referred to as the State) has moved for a judgment dismissing the complaint in the above-entitled action as against the State of New York on the grounds specified and pursuant to the provisions of CPLR 3211 (subd. [a], pars. 5, 7 and 8).
The State’s position is based on the following three contentions : (1) that the plaintiff herein has been precluded by judgment of the Court of Claims entered May 20, 1965 in a claim by the plaintiff filed against the State of New York; (2) that the complaint herein fails to state a cause of action under article 15 of the Real Property Actions and Proceedings Law since it relates to personal property and not real property; and (3) the court has not jurisdiction of the State of New York since this *502 action is not one being’ under article 15 of the Real Property Actions and Proceeding’s Law and that the State has not voluntarily submitted to the jurisdiction of this court.
The complaint sets forth that the plaintiff herein was the owner of certain molding sand and that he had the right to remove the same from a piece of property which has been referred to as the 11 Tunnard Farm” which is located in the Town of Clifton Park, Saratoga County, New York. The defendant Arute Brothers, Inc., (hereinafter referred to as the contractor) was a contractor working on behalf of the defendant State of New York relative to a portion of the Northway in the vicinity of the above-mentioned property. The State, by condemnation, appropriated for highway purposes portions of the above-mentioned property. The plaintiff herein was served with appropriation maps and had commenced a proceeding against the State and was awarded damages for the real property involved within the taking maps. The plaintiff’s complaint sets forth that it was deprived of about eight acres of land containing molding sand on the “ Tunnard Farm ” and not within the area taken by the State according to its taking maps. The Court of Claims made no award for this alleged de facto taking. The Court of Claims found that the contractor was not acting as an agent of the State at the time of the appropriation of the eight acres. In its opinion, the Court of Claims stated that the plaintiff’s claim for damages in connection with the aforesaid eight acres of the “ Tunnard Farm ” “ may be asserted only against the contractor ” (45 Misc 2d 1067, 1074). The judgment of the Court of Claims was entered on May 20, 1965 and it appears from the answering affidavits that the plaintiff herein has taken appeal from the same and that the appeal is presently pending.
The plaintiff’s complaint attempts to set forth a cause of action based upon an issue of title to real property. It is only on this basis that the plaintiff could possibly plead a cause of action pursuant to the Real Property Actions and Proceedings Law of the State of New York which permits an action to be brought directly against the State in matters involving title or an interest in real property. (See §§ 1501, 1541.) The plaintiff, in substance, seeks a determination as to who has title to the eight acres of molding sand removed from the “ Tunnard Farm ” and placed as soil (fill) beneath the Northway and access roads thereto. It appears from the pleadings that the molding sand was removed during the Summer and Fall of 1959 and Winter of 1960.
It is the plaintiff’s position that it is claiming title to its real property which has been used by the State in the construe *503 tion of the Northway, and, as such, it is an incorporeal hereditament as now possessed by the defendants herein. The plaintiff also further states that the identity of the eight acres of molding sand has been so co-mixed so as to be impossible of identification as personal property and has only the character of real property or as an incorporeal hereditament and it is to this real property that the plaintiff herein claims title. The plaintiff demands judgment that it be determined to have sole title to the so-called real property and that the plaintiff recover possession of the same, and in the event it is incapable of delivery to him, that he be awarded damages for its unlawful detention.
In order for the plaintiff to successfully maintain this action, it must be affirmatively established, as a matter of law, that he seeks the determination to an estate or interest in real property. (See Real Property Actions and Proceedings Law, art. 15.) The court has examined the cases cited by the plaintiff and has found none directly in point on the issue herein raised. (See Niagara Falls Power Co. v. White, 292 N. Y. 472.) In that case, it was the position of the plaintiff that it owned an interest in realty, that is, a right to use and divert waters of the Niagara River and that an attempted imposition by the State Legislature that required a rental of such use of the waters by the plaintiff, was tantamount to a claim by the State of an interest in these waters adverse to that of the plaintiff’s interest. The court held that the complaint was sufficient to maintain an action under the predecessor to article 15 of the Real Property Actions and Proceedings Law. (See, also, Town of Ohio v. People of State of N. Y., 264 App. Div. 220; Gifford v. Whittemore, 4 A D 2d 379; Beisheim v. State of New York, 255 App. Div. 937; Montgomery Ward & Co. v. People of State of N. Y., 279 App. Div. 85, affd. 304 N. Y. 646; City of Mount Vernon v. East Hudson Parkway Auth., 45 Misc 2d 471, affd. 23 A D 2d 849.) Although all the above-cited cases are helpful, none are in point as to the issue involved here.
It is clear from the pleadings and affidavits submitted upon this motion that the State does not seek any title or interest in the eight acres of the “ Tunnard Farm
The plaintiff’s interest in the “ Tunnard Farm” was a contractual right to remove molding sand therefrom. The plaintiff was, in effect, the owner of a profit a prendre. The plaintiff, that is, had a right to go upon the “ Tunnard Farm” and remove molding sand from the premises. Once the molding sand was removed from the 1 ‘ Tunnard Farm ’ ’ or was severed from the same, it became personal property. If the same sand was merely moved upon the eight acres of the “ Tunnard Farm ” or *504 merely cast upon the same, it would have again become a part of the realty. This, however, is not the case at bar. The .soil was removed from the “ Tunnard Farm” and then broadcast upon the Northway so that it no longer was identifiable as personal property.
The plaintiff has cited the case of Mathews Slate Co. of N. Y. v. Advance Ind. Supply Co. (185 App. Div. 74), for the proposition that once the molding sand has been severed from the realty and has become personal property, that the same again becomes a part of the realty when it is broadcast upon the land. The Mathews case (supra) involved waste slate that was severed from the realty and became personal property and then was broadcast upon the same land to become a party of the real property again. The Mathews case (supra) involved solely the Mathews land upon which the slate was broadcast. In the case at bar, the molding soil was not cast upon the “ Tunnard Farm ” but upon the Northway where it completely lost its identity. The Mathews case {supra) did not hold that a profit a prendre could be transferred to other lands, that is, that the plaintiff herein would have an interest in the real property of any other person upon which his molding sand was cast.
The plaintiff’s cause of action arose herein at the time the soil was severed and removed from the 1 ‘ Tunnard Farm ’ ’. The plaintiff, at that time, had a right to bring an action in conversion against the wrongdoer for damages for the wrongful taking of personal property. The plaintiff herein does not claim that the State claims an interest in the eight acres of the ‘ ‘ Tunnard Farm ”, or an injury to the freehold of the “ Tunnard Farm ”. A determination in that respect has already been made by the Court of Claims of the State of New York. If the plaintiff is successful in his appeal from the decision of the Court of Claims, the same damages that are being sought here would then be available to him in that action. The State here argues that the Court of Claims’ determination is res judicata to the present action. If we accept the position of the plaintiff that the Court of Claims’ decision is not res judicata, that is, that the same issue is not involved, nor the same parties, it must, in any event, be the determination of this court that the plaintiff herein would be collaterally estopped inasmuch as he would only be entitled to a singular award of damages. He cannot pursue an action in a Court of Claims, as well as an action in Supreme Court of the State whereby he would be entitled to two awards for the same injury.
It is the determination of this court that the plaintiff fails to state a cause of action under article 15 of the Real Property *505 Actions and Proceedings Law since the claim relates to personal property and not “ an estate or interest in real property The action must also be dismissed upon the further ground that the State of New York has not voluntarily submitted to the jurisdiction of this court and that this action does not fall within the category of actions permitted by article 15 of the Beal Property Actions and Proceedings Law of the State of New York.
The motion of the defendant State is, accordingly, granted.