ANASTAS DIMOVITCH et al., Individually, Formerly Doing Business as BIG CHIEF MARKET, Respondents, *v.* STATE OF NEW YORK, Appellant. (Claim No. 49012.)

Fourth Department, December 11, 1969.

*Louis J. Lefkowitz, Attorney-General (Dennis Hurley* and *Ruth Kessler Toch* of counsel), for appellant.

*Harris Gavenda* for respondents.

GOLDMAN, P. J. This appeal by the State from a Court of Claims order denying a motion to dismiss a claim on the ground that it was not timely filed under subdivision 1 of section 10 of the Court of Claims Act is the first time this question has been raised in the posture in which we find it in this case. The State contends that the failure to file within the two-year period is a jurisdictional defect which mandates dismissal of the claim.

The facts in this appropriation of property by the State are quite pivotal. The State commenced its appropriation proceedings by filing a description of the property and a map in the Onondaga County Clerk's office on September 30, 1965 and on the same date served a personal notice of appropriation, containing a copy of the description and the map, upon the respondents, who were tenants in the described property. The claimants had been given notice to quit the premises on August 20, 1965 but were given extensions to leave until about December 25, 1965. On December 12, 1965 a fire occurred in the premises resulting in substantial damage to the building and to respondents' trade fixtures. Three days after the fire the State's contractor demolished the building and respondents' fixtures contained therein. The respondents filed their claim against the State on December 13, 1967 — 2 years, 2 months and 13 days after the service of the notice of appropriation upon respondents and two days less than two years from the date of demolition by the State.

The nature of the claim, whether it is for appropriation or for damages resulting from a tortious act by the State, becomes important. This question can best be resolved by reference to the respondents' claim. Paragraph 3 recites that "This claim is for the permanent appropriation of any land and all improvements in which claimants have an interest and which has been appropriated by the State of New York pursuant to Section 30⁻ of the Highway Law and acts amendatory thereto." In paragraph 5 respondents state: "This claim is for the permanent appropriation of trade fixtures affixed to the premises at the above-mentioned location and appropriated by the defendant pursuant to Section 30 of Highway Law and acts amendatory thereto." The description of the "appropriated" property is

found in this language in paragraph 6: "The property appropriated is further itemized and is being included in Map 883, Parcel 1193 of Interstate Route 505-3-2.22, a copy of said map being attached hereto and made a part thereof." The map referred to is the map served upon respondents on September 30, 1965 when the appropriation notice was served. Clearly respondents repeatedly asserted that their claim was for an "appropriation" and not for damages resulting from a conversion or tortious act by the State.

The State's motion to dismiss is based upon the time limitation for the filing of the claim which is contained in the following part of subdivision 1 of section 10 of the Court of Claims Act: "A claim for the appropriation by the state of lands, or any right, title or interest in or to lands shall be filed within two years after the accrual of such claim, or where title is vested by the filing of a description and map in the office of the county clerk  *  *  *  then within two years after personal service of a copy of such description and map and notice of filing thereof ". That this section applies to fixtures as well as land is demonstrated by the quotation from *Jackson* v. *State of New York* (213 N. Y. 34, 36), repeated by the court in *Matter of City of New York (Allen St.)* (256 N. Y. 236, 240), that "An appropriation of land, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures, and so it has frequently been held."

The fact that the tenants respondents may have intended to remove the fixtures and, therefore, not to file a claim cannot exempt them from the obligation to file within the two-year period. Once the State has declared its intention to take by filing and serving the description and map, if for any reason the tenant thereafter decides to file a claim, as in the instant case, it must be filed within two years after service of the map. The quotation from *Jackson* v. *State of New York* (*supra*), was repeated again by the Court of Appeals in the context of the case at bar in *Marraro* v. *State of New York* (12 N Y 2d 285, 292). In that case the court, in referring to the fixtures, said (pp. 292–293): "In such cases, the condemnor is obliged to pay for them on the basis that they are part of the real property being appropriated, but, as between the owner and his tenants, they are the property of the tenant who has retained the right to remove them."

As evidenced by the language of the claim, respondents seek compensation on the theory of a permanent appropriation by the State for highway purposes. This is not the type of claim where

the cause of action is a continuing one and which arises from time to time as the injury is inflicted upon the claimant's property, for example, as by flooding of land at different times (*Taylor* v. *State of New York,* 302 N. Y. 177; *Reed* v. *State of New York,* 108 N. Y. 407; *Dufel* v. *State of New York,* 198 App. Div. 97). Claimants attempt to make their claim as to the accrual date analogous to the tort action cases under subdivision 3 of section 10 of the Court of Claims Act, but the distinction is well demonstrated in *Terrace Hotel Co.* v. *State of New York* (19 A D 2d 434). In that case a new claim was filed based on trespass and for causing a cloud on the title. It was filed within 90 days after the order of dismissal and the court held it was properly filed even though more than two years had passed since the appropriation map had been filed. The court in *Terrace Hotel Co.* points out the distinction between damages for appropriation and those for tort (p. 435), where it said: "We do not find subdivision 1 of section 10 here controlling. The present claim is not one for an appropriation * * * but rather is in the nature of a tort action. Thus subdivision 3 of section 10, which allows 90 days ' after the accrual of such claim ' to make notice of an intention to file, controls here. The instant claim was, of course, filed long after filing of the appropriation maps so that if that date is the accrual date the claim was properly dismissed." In the case at bar the accrual date was the date of filing of the map and the claim should have been filed within two years after that date. The conclusiveness of the filing date is well demonstrated in *Buffalo Val. Realty Co.* v. *State of New York* (273 N. Y. 319, 322).

Although we have been unable to find a case dealing with subdivision 1 of section 10 similar to *Crane* v. *State of New York* (29 A D 2d 1001), which involved subdivision 3 of section 10, the statement that "These requirements [filing] must be strictly construed because the question of timeliness of filing is jurisdictional" is equally applicable to subdivision 1 cases. The fact that the State may not have been prejudiced by the late filing is immaterial. "The court may not exercise a dispensing power based upon the principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with." (*Ponsrok* v. *City of Yonkers,* 254 N. Y. 91, 95.) Also, see, *Landry* v. *State of New York* (1 A D 2d 934, affd. 2 N Y 2d 927). Since all of section 10 is jurisdictional in character, it must be strictly construed. Any other result would require legislative change. (See *Federal Land Bank of Springfield* v. *State of New York,* 255 App. Div. 937.)

The order appealed from should be reversed, the motion should be granted and the Court of Claims directed to enter judgment dismissing the claim.

WITMER, GABRIELLI, MOULE and HENRY, JJ., concur.

Order unanimously reversed on the law and facts without costs, motion granted and claim dismissed.